THE GEORGIA RAILROAD AND BANKING COMPANY, plaintiff in error, *vs.* JOHN L. HAMILTON, defendant in error.

1. When a deed, referring to a plat annexed thereto, shows that the land conveyed was bounded on one side by a street, and on the other by the right-of-way of the plaintiff, the land conveyed by the plaintiff to the defendant in such deed, *prima facie* extends only from the street to the right-of-way, though the plat had five hundred feet written thereon as the distance from the street to the right-of-way, and though the distance between the two points was less than five hundred feet.

2. If the record of the deed had been produced, the clerk who recorded it might have been allowed to testify about its correctness as compared with the original when handed to him; but in the absence of the record, it was not legal for the clerk to testify in respect to what was, or was not, in the record—the record being higher and better evidence of what it contained than the recollection of the clerk.

3. When the deed contained in it a covenant to build a house on the lot sold, and the authorities of the railroad company must have known that the house extended beyond the boundary during the erection thereof, and interposed no objection thereto, and the defendant acted *bona fide*, the company will be estopped from not allowing the defendant to remove the house from off their land (in case of a recovery of it) at their expense; or it will be decreed to pay for its value on proper pleadings made therefor.

4. When a new trial is granted by the presiding judge, although the verdict of the jury may be right in strict law upon strict pleading, yet, when it would be inequitable to enforce the verdict as it stood, and the pleadings are amendable, this court will not control the discretion of the presiding judge in granting the new trial, but will affirm the judgment, that the case may be tried again on its merits, especially as there was some error in admitting illegal testimony.

Deeds.    Evidence.    Estoppel.    Railroads.    New trial. Before Judge PEEPLES.    DeKalb Superior Court.    September Term, 1876.

Reported in the opinion.

11

CANDLER & THOMPSON; HENRY HILLYER, for plaintiff in error.

L. J. WINN, for defendant.

JACKSON, Judge.

The Georgia Railroad and Banking Company sued Hamilton for a piece of land in the town of Stone Mountain, being a part of the 100 feet of the company's right-of-way. Hamilton claimed title to the piece of ground under a deed from the company. The company sold off a lot and described it in the deed as "fronting 175 feet on the right-of-way of the Georgia railroad, and running back, with the same width, to ————— street, bounded eastwardly by the right-of-way on the Georgia railroad, westwardly by ————— street, northwardly by Decatur street, and southwardly by other lands of said Georgia Railroad Company, as more fully exhibited by the plat hereto attached." The plat showed the land laid off as described, with the distance between the eastern and western boundaries marked "500 feet." The deed also contained a covenant to build a house, or cottage, on the lot in twelve months, and this covenant, and seventy-five dollars cash paid, was the consideration paid, and to be paid, for the lot. The right-of-way of the railroad extended thirty-three yards each side, as was shown by their deed. The defendant, Hamilton, bought from Wright, who bought from the company, and his deed contained the same description.

The defendant built his house within some twenty-seven feet of the road-bed, and none of the authorities of the company interfered, or warned him to desist, though the president of the company, who drew the deed and made the trade, was on the ground during the time of building. No equitable plea, but only the plea of property in the land, was filed by the defendant. On this state of facts and pleadings, the jury, under the charge of the court, found for the

plaintiff—the railroad company; the defendant moved for a new trial on various grounds alleged in the motion therefor, and the court granted the motion on several grounds; whereupon the company excepted to the grant of the new trial, and assign error thereon.

1. The deed, on its face, as well as from the boundaries on the plat, conveyed title to the defendant only from the right-of-way to the street facing, or opposite to, that right-of-way; and as the defendant held under the plaintiff, the latter was *prima facie* entitled to recover between those boundaries, and the defendant's deed protected him, *prima facie*, only within those limits. The lot fronts on the right-of-way; it is bounded eastwardly by the right-of-way; and, as the deed stands, the title of defendant would seem to cover the lot only to the right-of-way. The plat is like the deed, except that 500 feet is marked as the distance from the right-of-way to the opposite street; but it seems to us to be law, that where boundaries are defined distinctly in a deed and plat, distances must yield to them, and no matter what had been the distance marked on a plat between these boundaries, whether greater or smaller than the actual distance, the defendant would take title to the land within those boundaries only. Whether the deed may be reformed, so as to speak differently, we cannot say. The defendant here insisted that he bought a part of the burnt hotel lot, and that its eastward boundary ran into the right-of-way, and nearer the bed of the road, than his house extends. Nothing is said about such a lot or boundary in his deed, and if his deed be wrong, it can be corrected, if, by mistake or fraud, it does not speak the true intention of the parties. From the plat, it appears that this lot, as laid off, is on a straight line with other lots on the same side of the road track, and this case, perhaps, might be illustrated by the extent to which the company sold to others on the same side. The frontage seems nearer the track on this side of the road, all the way, than on the other side, by the plat annexed to the deed, and referred to therein.

All these things, if proved, might possibly remove the

*prima facie* force of this deed, or it might be reformed, if it does not now speak the true intent of the parties, on proper pleadings made.

2. It was proved by the clerk who recorded this deed, that 500 feet was not on the plat when it was recorded. The record itself was not produced. It was higher evidence of what it contained, and the clerk should not have been permitted to testify about it, unless it was produced. But it will be seen, from the view expressed by us of what the deed covered, that it does not matter much about the 500 feet.    However, it was in proof that from the street opposite the right-of-way to the front of defendant's house, it was just 500 feet, and $27\frac{1}{2}$ feet from the front of the house to the center of the track; and it may be important to show the good faith of defendant in building where he did, if the 500 feet was there at the time the deed was executed by the company; and, therefore, it may be as well to rule that the clerk cannot testify to what is on record—the record must speak—but that he may testify after the record is before him, and in evidence, that he put it all on the record book, if he can so swear.

3. But the defendant says, further, by his evidence in this case, that he built his house pursuant to his covenant, within $27\frac{1}{2}$ feet of the track, and the authorities of the road, particularly the president, John P. King, knew all about it, and did not object—none of them—to his building where he did, and, therefore, the company is estopped from denying his title.    We hardly think that the doctrine extends so far as to estop the company from recovering the land; but it certainly does estop the company from recovering defendant's house, if he acted in good faith in building where he did; and it is certainly difficult to see how he could have well acted in bad faith.    It does look like he thought he bought up to the front of his house, or he would not have built there, in the very face and teeth of the agents of the road, and at a public place on its very line, and so near the track.    It does look, too, like acquiescence in the company,

that neither the president, nor any other agent, interposed a word of objection. See 3 Washburn on Real Prop., 76, 77; Herman on Estoppel, 413, 423, 509 ; 44 Barb., 228 ; Bigelow on Es., 437, 467 ; 16 Pa., 364.

4. Whilst, therefore, under strict law, and under the rules of strict pleading, the verdict may have been right, yet it seems to us that the case is so full of equity, in respect to the house, at least, that this man built in accordance with his covenant in his deed, that if the plaintiff should recover the land from him, it ought to pay for his house, or that part which may be on the land recovered, or he ought to be allowed to move it off at the expense of the company. And, therefore, as the pleadings are amendable, and may be so amended as to do complete justice to all parties, and possibly the deed may be reformed and give defendant the lot he thought he bought—if, indeed, the jury should think he so thought, and that such was the true contract Wright made with the railroad company ; and if not so, at least that he be permitted to move his house, at the expense of the company, off the land the company may recover, or that the company pay him the value thereof, on its being shown that he acted in good faith, and the company did not, in connection with the covenant to built and the carrying it out.

We will not, therefore, control the discretion of the judge in granting the new trial, but affirm his judgment—especially as there was error in admitting the testimony of the clerk upon a point which might be, and probably will be, very material to the issues.

Judgment affirmed.