### 12813.   FLETCHER *v.* REAVES.

1. "False and fraudulent representations as to the validity of the title to personalty, acted on by another to his injury, will estop the maker of them from setting up title to the property."
2. While estoppel, when relied on, must generally be specially pleaded, such an issue may nevertheless be made by evidence admitted without objection.
DECIDED FEBRUARY 10, 1922.

Trover; from city court of Thomasville — Judge W. H. Hammond. July 9, 1921.

Mrs. Reaves brought trover against Fletcher, alleging, (1) the residence of the defendant, (2) that the defendant was in possession of certain personalty described, (3) that the described property was the property of the plaintiff, (4) the value of it, and (5) that the defendant failed to deliver the property to the plaintiff or to pay her the profits thereof. The defendant admitted the first allegation, but denied each of the others. The material testimony adduced upon the trial was as follows: Mrs. Reaves testified: that the described property, with other property, both real and personal, had been placed in the possession of one Smith in the fall of 1919, under a verbal agreement to sell if certain payments were made within a specified time, but that these payments were not made, and that in April, 1920, Smith gave to her a rent note for the property; that the title to the property was still in her, and that she had demanded possession of it from Fletcher, and Fletcher had refused to deliver it to her; and that she saw the property in Fletcher's possession in the summer of 1920; and she testified also

as to its value. Fletcher testified: that he bought the property from Smith in January, 1920; that in December, 1919, Smith told Fletcher, in the presence of Mrs. Reaves, that he (Smith) had bought the property from Mrs. Reaves, and Mrs. Reaves stated that this was true, and that he (Fletcher) bought the property from Smith on account of these representations of Smith and Mrs. Reaves, and that he would not have purchased it if he had known that Mrs. Reaves was retaining title. He testified also as to the value of the property. Mrs. Reaves, on being recalled, testified that she might have told Fletcher what he had sworn she told him. The verdict was in her favor. The defendant's motion for a new trial, based on general grounds, was overruled. No plea of estoppel was filed, but it was contended by the plaintiff in error that Mrs. Reaves was estopped from asserting her title.

*Titus & Dekle,* for plaintiff in error.

*H. H. Merry, L. S. Moore,* contra.

HILL, J. (After stating the foregoing facts.)

1. There was no conflict in the evidence on the question of whether or not the plaintiff was estopped from claiming title to the property. The defendant testified that he bought the property on account of the statement of the plaintiff that the property had been previously sold by her to the defendant's vendor. He further testified that he would not have bought the property from his vendor if he had known that the plaintiff was retaining title. The plaintiff admitted that she might have told the defendant what the defendant swore she had told him. She did not deny it. She was therefore estopped from setting up title to the property. *Roberts* v. *Davis,* 72 *Ga.* 819 (1) ; *McCune* v. *McMichael,* 29 *Ga.* 312.

2. It is contended by the defendant in error that estoppel, when relied on, must be specially pleaded. This is generally true. *Madison Supply Co.* v. *Richardson,* 8 *Ga. App.* 344 (5) (69 S. E. 45). But, where evidence as to an estoppel is admitted without objection, the issue may be made. *Price* v. *Hallett,* 138 Mo. 561 (38 S. W. 451). As was said in the case last cited: "It has often been decided by this court that estoppel in pais must be pleaded. . . It seems to us this doctrine has peculiar weight when invoked against the admissibility of evidence when no issue of estoppel has been tendered in the pleadings, or when an estoppel

in pais is urged for the first time in this court; but where parties have permitted an issue of this kind to be raised by the evidence without objection and have had full opportunity to try the issue, we are unable to draw a distinction between such a case and those cases in this State in which parties have neglected to file replies, and this court has held that it was too late, after trying the case as if a reply had been filed, to claim that the answer was admitted. Had a timely objection been made when this evidence tending to show an estoppel was offered, . . it would have been excluded, or the court would have permitted an amendment pleading such estoppel, but no such objection appears to have been made at that time, and now that the evidence has been heard and the instruction given upon it, we think it is too late to raise the question of pleading on that point. We shall treat the record now as if the amendment had been prayed and permitted." In other words, the party failing to object to evidence of an estoppel is estopped from denying that a plea of estoppel was filed. When no plea was filed the door was closed but not locked. When the evidence was admitted without objection the door was opened again. Had objection been made to the admission of the evidence, the door would have been closed again and locked, unless it could have been opened again with a key in the shape of an amendment. It is too late now, in this court, to complain that the defendant had no key when he opened the door which was not locked. See *Napier* v. *Strong,* 19 *Ga. App.* 401 (91 S. E. 579).

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*