30695. STATE MUTUAL INSURANCE COMPANY *v.* HARMON *et al.*

118

DECIDED FEBRUARY 17, 1945.

*Wright & Fullbright,* for plaintiff in error.

*Leon & Dean Covington,* contra.

PARKER, J. (After stating the foregoing facts.) ■ The provision in a supplemental agreement for double indemnity in case of accidental death, attached to and being a part of a life-insurance policy, that the supplemental contract shall cease to be in force "If, at any time, the insured shall be under enrollment in any branch of military or naval service, in time of war," is binding, and applies where accidental death occurs at any time during which the insured is under enrollment in the military forces during war, even though the death may have had no connection with any combat duty or other hazards incident to war. See *Life & Casualty Ins. Co.* v. *McLeod,* 70 *Ga. App.* 181 (27 S. E. 2d, 871), in which case the insured was killed in a personal rencounter while on leave or furlough from the United States Navy, and *Lindsey*

v. *Life & Casualty Ins. Co.,* 70 *Ga. App.* 190 (27 S. E. 2d, 877), a case in which the insured was killed in an automobile accident while on leave of absence from his military.station at Camp Blanding, Florida.

■ Counsel for the plaintiff in error contend that no recovery was proper on a waiver by the company of the "war-service" exclusion in the double-indemnity provision of the policy for the reason that the plaintiff did not plead a waiver and that a waiver or estoppel must be specially pleaded. The general rule is that estoppel, to be relied on must be pleaded. *Irvine* v. *Wiley,* 145 *Ga.* 867, 868 (3) (90 S. E. 69); *Askew* v. *Amos,* 147 *Ga.* 613 (95 S. E. 5); *Highlower* v. *Blakely Hardwood Lumber Co.,* 163 *Ga.* 776 (137 S. E. 22), and cit. This rule seems especially true as to pleadings by a defendant, but as to the plaintiffs in the lower court in the instant case it was not applicable. "In a case where the defendant relies upon an estoppel as a defense, it must be pleaded because the Neel act requires that the defense be plainly and clearly presented; but this rule does not apply where the plaintiff relies upon estoppel in order to defeat a defense raised by the defendant in his answer." *Brown* v. *Globe & Rutgers Fire Ins. Co.,* 161 *Ga.* 849, 854 (2) (133 S. E. 260). See also *Metropolitan Life Ins. Co.* v. *Bugg,* 48 *Ga. App.* 363 (172 S. E. 829). "In a suit on a note it is not necessary for the plaintiff to plead estoppel, in order to invoke it to combat some affirmative defense against which the principle may be applicable." *Davis* v. *Citizens-Floyd Bank & Trust Co.,* 37 *Ga. App.* 275 (4) (139 S. E. 826), citing *Askew* v. *Amos,* supra. "While estoppel, when relied on, must generally ·be specially pleaded, such an issue may nevertheless be made by evidence admitted without objection." *Fletcher* v. *Reaves,* 28 *Ga. App.* 205 (2) (110 S. E. 510). There was no objection in this case to the evidence relating to an estoppel or a waiver, and this is an additional reason why the contention of the plaintiff in error on this point is not good.

■ "A waiver is the voluntary relinquishment of some known right, benefit, or advantage which the party would otherwise have enjoyed. Waiver is essentially a matter of intent based upon full knowledge of all the material facts, and the evidence relied upon to prove a waiver must be so clearly indicative of an intent to relinquish a then known particular right or benefit as to exclude any

other reasonable explanation." *Plumer* v. *Continental Casualty Co.,* 12 *Ga. App.* 594 (77 S. E..917) ; *Jones* v. *State,* 57 *Ga. App.* 344 (195 S. E. 316) ; *Bryant* v. *Continental Casualty Co.,* 58 *Ga. App.* 518, 530 (199 S. E. 343). "Waiver is based upon knowledge. It cannot be implied where the party in whose favor the right existed is ignorant of his right or of any fact which would substantially or materially affect the exercise of that right and tend to prevent a waiver." *Plumer* v. *Continental Casualty Co.,* and *Jones* v. *State,* supra. The controlling question in this case seems to be whether the evidence offered by the plaintiffs in the trial court was sufficient to show a waiver by the company of the policy provision invoked by it. The policy provided that the double-indemnity feature would "cease to be in force" if the insured at any time should be "under enrollment in any branch of military or naval service in time of war." It was admitted that the insured was enrolled in the military service of the United States at the time of his death, and this court will take judicial notice of the state of war existing at that time. The provision of the policy as to double indemnity had ceased and was not in force when the insured died unless the acceptance of the premium on the policy by the company amounted to a waiver of the condition, and had the effect of keeping the policy provision in force. A semiannual premium of $27.68, broken down as follows: life premium, $25.10, disability, $0.63, and double indemnity, $1.95, was paid by the insured to the company on July 8, 1943, in a check for the total sum of $27.68. There was nothing on the check to indicate that it was in payment of any particular premium, or was in payment of the premium on any special kind of insurance, and there was nothing in the receipt issued by the company to indicate how the money was applied except that it was for the premium on a certain numbered policy on the life of the insured. The entry on the books of the company showed how the premium was credited and applied. The principal duty of the clerk in the office of the company to whom the premium was paid was to record all renewal premiums in a book kept for that purpose, and to make other entries in connection with the payment of premiums. It does not appear that the clerk knew the insured or knew that he was in the army. The insured was known by the president and by the secretary of the company, and they knew

that the insured had been inducted into the army, but neither of them recalled when they first learned of his induction. The information possessed by D. B. Magruder (as shown in statement of facts), along with the knowledge of the insured's induction had by other company officials, was all the evidence relied on by the plaintiffs to show acceptance of the premium under circumstances which amounted to a waiver of the policy provision relating to military service. No other notice of the insured's military service was shown to have been conveyed to the company. Applying the principles of law cited to the facts of this case we hold that it was error for the court to say as a matter of law that the company waived the policy provision relied on by it, and to direct a verdict for the plaintiff.

*Judgment reversed. Sutton, P. J., and Felton, J., concur.*