BENNETT *v.* DAVIS.

No. 15521. JULY 3, 1946.

*A. G. Liles* and *W. L. Nix,* for plaintiff.

*Marvin A. Allison* and *Charles C. Pittard,* for defendant.

WYATT, Justice. (After stating the foregoing facts.) In a written opinion accompanying the judgment, the learned trial judge found in effect that the legal title to the property in dispute was in the plaintiff, O. M. Bennett. With this conclusion we agree.

The land in controversy had been dedicated to public use as a school. See *Fountain* v. *Davis,* 71 *Ga. App.* 1 (29 S. E. 2d, 798), a case involving the same tract of land. For nearly a half century the land was used for the purpose for which it was dedicated, but, according to the agreed statement of facts, it was "abandoned for school purposes several years ago, about the year 1934, and before the land was acquired by O. M. Bennett."

"Where there has been a dedication of the land to public uses only, the ultimate fee remains unaffected thereby. . . The effect of such dedication is not to deprive the owner of his title to the land; he retains the exclusive right in the land 'for every purpose of user or profit not inconsistent with the public easement.'" *Brown* v. *East Point,* 148 *Ga.* 85 (95 S. E. 962). The interest in the dedicated lands left in the dedicator is a possibility of reverter. An example of such a possibility of reverter may be found in *Atlantic Coast Line Railroad Co.* v. *Sweat,* 177 *Ga.* 698 (171 S. E. 123). "In case of an abandonment after acceptance . . the rights of the public therein fail and a reversion takes place, as the dedication has spent its force when the use ceases. If land is dedicated for school purposes, . . the property so abandoned reverts to the dedicator or his heirs, and this is true whether the dedication is statutory or at common law." 18 C. J. 121; *Brown* v. *East Point,* supra.

While "a bare contingency or possibility may not be the subject of sale, unless there shall exist a present right in the person selling to a future benefit" (Code, § 96-102), a possibility of reverter is not such a bare possibility as is mentioned in this Code section, and may be the subject-matter of a sale. See *Kennedy* v. *Kennedy,* 183 *Ga.* 432 (188 S. E. 722, 109 A. L. R. 1143); *Shockley* v. *Storey,* 185 *Ga.* 790 (196 S. E. 702); *Cooper* v. *Davis,* 174 *Ga.* 670 (163 S. E. 736).

As stated by the trial court, "J. C. Clack having died making no assignment of this possibility of reverter in the dedicated land which is the subject-matter of this action, the land so dedicated was included in the lands set apart to the widow of J. C. Clack in 1903 as a year's support. In this State a year's support, unlike dower, may include any property right, equitable or legal, present or future interest, which the deceased owned at the time of his death. A chose in action may be set apart. Code, § 3-407.

'When a year's support is thus set apart, the title to the property vests at once in the widow and minor children.' *Miller* v. *Miller,* 105 *Ga.* 305, 312. Thus, the widow of J. C. Clack became vested with the possibility of reverter to the land in litigation, and the right of re-entry upon the abandonment of the property."

The land in controversy having been set apart to Mrs. A. D. Clack as a year's support, and the plaintiff being "the successor in title to Mrs. A. D. Clack to all the land set apart to her as a year's support," the legal title to the land is in the plaintiff.

What we have heretofore ruled accords with the trial court's opinion. After finding, in effect, that the title to the property in controversy was in the plaintiff, the trial court ruled that the plaintiff was estopped from asserting title to the property by reason of his acts and conduct. With this ruling we can not agree.

In his answer, the defendant made the following allegations with reference to estoppel: "The plaintiff, O. M. Bennett, had full knowledge of the administration of said estate of J. C. Clack, deceased, having discussed the same with W. B. Clack, one of the heirs at law of J. C. Clack, deceased, and stating to the said W. B. Clack that he . . claimed no title or interest in said property, and this information was known by the defendant before he purchased said property," and "by reason of the acts and conduct of the plaintiff . . he is now estopped from claiming any title or interest in said property." No demurrer was filed to this answer.

On the trial, the defendant, substantiating the allegations of his answer, testified to the effect that the plaintiff had told a third party that he claimed no interest in the land, and this third party had told the defendant that the plaintiff had stated he claimed no interest in the land; and the defendant further testified that he relied upon this statement in purchasing at the administrator's sale. Upon objection being made to this testimony, the trial court properly excluded the evidence, since such declarations made to a third part would not operate as an estoppel against the declarant. See *Parker* v. *Crosby,* 150 *Ga.* 1 (102 S. E. 446) ; *Harvey* v. *West,* 87 *Ga.* 553 (13 S. E. 693).

The defendant then introduced evidence, without objection, of other acts and conduct relied upon to create an estoppel. The defendant testified: "I have been familiar with this property all my life. . . O. M. Bennett was present when the property was sold

before the courthouse door and made no bid. He heard me bid it in. He never objected till this suit was filed. I bought this property April 7, 1942. I did not get possession, Mr. Fountain was on the property. . . I relied on Bennett's statement that he claimed no interest in this property. I would never have bought it or had anything to do with it if I had thought any trouble in any way would come of it. . . I was raised up there. I knew this was school property. O. M. Bennett never lived there. He didn't know about the property, I guess, except by looking in the records. I have had an opportunity to look into it. I do not know that O. M. Bennett is an uneducated man. I didn't talk to O. M. Bennett about the land. I wasn't around him much. He was there when the land was sold and didn't object. Nelson Fountain moved out of the house on it, and I took the windows out—they were just about all broke out. I never got any rent. . . I never investigated the title myself."

There was other evidence to the effect, that the plaintiff assisted the administrator of the Clack estate in making a survey of the land before it was sold at public outcry; that the plaintiff knew the purpose of the survey and made no claim to the land; that the plaintiff knew the land was to be sold by the administrator, and was present when the land was sold at public outcry, and made no claim to the land; that after the land was sold to the defendant at the sale, the plaintiff saw the defendant demolishing the school building on the land and asked the defendant to let him have certain cardboard partitions in the building, and at that time the plaintiff made no claim to the land; that the plaintiff had knowledge of the fact that the defendant had brought eviction proceedings against a tenant on the property, and the plaintiff made no claim to the land. The plaintiff admitted this conduct, and testified that at the time of the sale he did not know the condition of the title to the land.

The trial court found that the plaintiff, by his acts and conduct, was estopped from claiming title to the land.

In the view we take of the case, it is unnecessary to determine whether the acts and conduct relied upon to create an estoppel, which were not pleaded, could properly be considered by the court, no demurrer having been filed to the answer and no objection having been made to the evidence. But see, in this connection,

*Fletcher* v. *Reaves,* 28 *Ga. App.* 205 (2) (110 S. E. 510); *Askew* v. *Amos,* 147 *Ga.* 613 (95 S. E. 5); *Hightower* v. *Blakely Hardwood Lumber Co.,* 163 *Ga.* 776 (1) (137 S. E. 22). We are of the opinion that the proved acts and conduct were insufficient to create an estoppel.

"Where the estoppel relates to the title to real estate, the party claiming to have been influenced by the other's acts or declarations must not only be ignorant of the true title, but also of any convenient means of acquiring such knowledge. Where both parties have equal knowledge or equal means of obtaining the truth, there shall be no estoppel." Code, § 38-115. "In order for an equitable estoppel to arise, there must generally be some intended deception in the conduct or declarations of the party to be estopped, or such gross negligence as to amount to constructive fraud, by which another has been misled to his injury." § 38-116. The burden rests upon the party asserting an estoppel to establish all the elements necessary to constitute an estoppel. *Jackson* v. *Lipham,* 158 *Ga.* 557 (3) (123 S. E. 887). Generally, to constitute an estoppel by conduct, there must be: "(1) a false representation or concealment of fact; (2) it must be within the knowledge of the party making the one or concealing the other; (3) the person affected thereby must be ignorant of the truth; (4) the person seeking to influence the conduct of the other must act intentionally for that purpose; (5) the person complaining must have been induced to act by reason of such conduct of the other; and (6) he must in fact act upon it in such a manner as to change his position for the worse. *Tinsley* v. *Rice,* 105 *Ga.* 285, 290 (31 S. E. 174)." *Kennedy* v. *Manry,* 6 *Ga. App.* 816 (66 S. E. 29).

What are the acts relied upon as constituting an estoppel? 1. The plaintiff participated in a survey made by the administrator of the Clack estate and at that time made no claim to the property. The evidence fails to show that the defendant knew of this conduct, or that he relied upon it in making his purchase. Clearly this evidence is insufficient to create an estoppel. 2. The plaintiff was present at the sale of the property by the administrator, heard the defendant bid on the property, and made no claim to the property. This alone is insufficient to create an estoppel. See *Jackson* v. *Lipham,* supra; *Stonecipher* v. *Kear,* 131 *Ga.* 688 (63 S. E. 215, 127 Am. St. R. 248); *Shaw* v. *Green,* 180 *Ga.* 760 (180

S. E. 732). Where the estoppel relates to real estate, it is essential to the application of the doctrine that the party claiming to have been influenced by the conduct of another was himself not only destitute of knowledge of the true state of the title, but also of any convenient and available means of acquiring such knowledge. *Wall* v. *Louisville & Nashville R. Co.* 143 *Ga.* 417 (85 S. E. 325) ; *Wilkins* v. *McGehee,* 86 *Ga.* 764, 770 (13 S. E. 84) ; *Stonecipher* v. *Kear,* supra. "In order to raise an estoppel by conduct or matters in pais, one of the elements essential to such estoppel is, the party to whom the representation or concealment is made must have been ignorant, actually and permissibly, of the truth of the matter. If he knew or under all the circumstances ought to have known the facts, the representation, silence, or concealment is wholly unavailing." *Elliott* v. *Keith,* 102 *Ga.* 117, 120 (29 S. E. 155). In the instant case the trial court found that the defendant did not have equal means of obtaining the truth as to the state of the title. But we think this finding unsupported by the evidence. The evidence shows that the defendant had lived on adjoining property all his life, had gone to school in a schoolhouse located on the land in dispute, and was an educated man. The plaintiff was an uneducated man and had lived in the community for, a period of only about five years. The fact that the plaintiff acquired his title from Clack's widow, to whom a year's support was set aside, does not show a superior means in the plaintiff of acquiring knowledge as to the true state of the title. The defendant himself testified that he made no investigation of the title before purchasing at the administrator's sale. Whether the plaintiff's deed was recorded, and whether an investigation would have revealed the plaintiff's title to the land, are not shown. However, the burden rested upon the defendant to show that he had no equal means of acquiring knowledge, and he failed to carry this burden.

Other conduct of the plaintiff, which was subsequent to the sale, was clearly insufficient to create an estoppel. See *Smith* v. *Hanna Manufacturing Co.,* 68 *Ga. App.* 475 (23 S. E. 2d, 552) ; *Kemp* v. *Hammock;* 144 *Ga.* 717 (4) (87 S. E. 1030) ; *Georgia Railroad Co.* v. *Hamilton,* 59 *Ga.* 171.

For the reasons stated, we think the evidence insufficient to prove every essential element necessary to create an estoppel, and therefore

the court erred in holding that the plaintiff was estopped from claiming title to the land in dispute.

*Judgment reversed. All the Justices concur.*