1. The directed verdict against the petitioner as to one defendant in a joint *Page 791 
action being simultaneous with the entry of a judgment declaring a mistrial as to the remaining defendants, the petitioner is not precluded, upon the theory that the petitioner acquiesced therein by thereafter proceeding against the remaining defendants, from excepting to the direction of such verdict.
2. The provision of the Code, § 61-107, that a tenant may not dispute his landlord's title while in possession, is applicable to the petitioner here where, although no plea of estoppel was filed by the defendant who claims to be her landlord, and, although it does not appear in the petition, the testimony of the petitioner, admitted without objection, shows her to be the tenant of such defendant. This evidence demanded a verdict in favor of the defendant, and the court did not err in so directing, but did err in granting a new trial.
3. The court did not err in sustaining the special grounds of the demurrer to certain allegations of the petition as dealt with in the opinion.
 Nos. 16205, 16224. MAY 13, 1948. REHEARING DENIED JUNE 18, 1948.
Emma Florence Gasque filed on November 21, 1945, in the Superior Court of Fulton County, Georgia, an equitable petition against Susie G. Hamilton, as executrix under the will of Mrs. Martha Florence Gerowe, deceased, and Consolidated Realty Investments Inc. It was alleged that the will, a copy of which was attached to the petition, was probated in solemn form on September 4, 1945, and that Miss Susie G. Hamilton thereafter duly qualified as executrix. The petition as amended alleged, after certain allegations had been stricken on special demurrer, and agreement between the said Mrs. Gerowe and the petitioner, whereby for services to be performed for Mrs. Gerowe she promised to devise to the petitioner, her niece, described realty located at 716 Lee Street in the City of Atlanta. It was alleged that the services were duly performed, but that the testatrix died on July 24, 1945, without having complied with her promise aforesaid.
The will, which was executed on May 4, 1938, and probated as above mentioned, contained, among other provisions, the following: Item VI. "I direct that my executrix or executor be not required to sacrifice my home place, but in her or his discretion to be held and rented for a reasonable length of time, until same can be sold to the best advantage, and the payment of these special bequests [stated in the will] shall be deferred accordingly." Item VIII provided: "I nominate, constitute and appoint Miss Susie G. Hamilton as executrix of this my last will *Page 792 
and testament, and in the event she does not qualify or serve, I nominate and appoint my friend, R. S. Lowrance Sr., as executor, relieving them of the necessity of procuring court orders or advertisement for the sale of any of my properties, and giving them full power to dispose of same in their discretion, to the best advantage, and with like power to procure loans in the event same are necessary." Item IX provided: "I relieve my executrix of the necessity of making bond, but request that my executrix or executor procure competent legal counsel to advise them in their acts and doings."
It was alleged that on October 22, 1945, the said executrix conveyed to Consolidated Realty Investments Inc., for a consideration which the petition is informed amounted to $5500, the said improved property at 716 Lee Street, the deed reciting that it was made pursuant to the terms and provisions of the will of Mrs. Gerowe theretofore probated. The petitioner was in possession of the said property before and at the time of the said sale thereof an continuously from the time of Mrs. Gerowe's death until the filing of the amendment to the petition (on January 10, 1946), and her possession was notice of her claim thereto. Consolidated Realty Investments Inc. had actual notice and knowledge of the petitioner's claim to the said property at and before the time of the sale. Before the said defendant purchased the property, before it received any deed thereto from the said executrix, and before it paid any of the purchase money therefore, it sent its agent, Mr. Morris, for the purpose of inspecting the title to the said property. The said agent found the petitioner at the premises in possession thereof and sought to come thereupon and into the house, but the petitioner would not admit him, and then and there warned and advised him that she, the petitioner, owned the said property and that the said defendant should not buy it because only the petitioner was the owner thereof. Notwithstanding the said warning to its agent, the said defendant, at its peril, proceeded to purchase the property, taking the chance of the title being good, because it was particularly anxious to buy the property, wanting it for business purposes, and having tried unsuccessfully to buy it from Mrs. Gerowe in 1942 and 1943.
The said executrix has obtained from the court of ordinary an order authorizing her to sell, upon ten days' notice, the perishable *Page 793 
property of Mrs. Gerowe, and pursuant to the said order has advertised the household and kitchen furniture and household equipment and personal belongings for sale on November 21, 1945, at 3 p. m. The household and kitchen furniture is that which the petitioner equitably owns by reason of her completed performance of the agreement between her and Mrs. Gerowe. The executrix should be restrained from selling the same, in order that the claim of the petitioner may not be prejudiced by the claim of some purchaser at the sale, and the said household and kitchen furniture is not perishable property and the order of the ordinary does not authorize its sale as such.
The petition set forth many allegations in support of the claim for specific performance, but they are not material to the issues before this court and need not be stated.
The amendment added as defendants the following heirs at law of Mrs. Gerowe: Edwin Gasque, William R. Gasque, Mrs. Myrtice G. Varn, J. H. Gasque, W. R. Gasque, L. C. Gasque Jr., Edwin Gasque, Mrs. Margurette Gasque Jones, Mrs. Lottie Gasque Fletcher, Mrs. Eva Gasque McKinney, Mrs. Ruth Fussell Smith, Mrs. Marguerite Fussell Hanley, Mrs. Eva Fussell Fries, Mrs. Florence Fussell Tull, Hinton Fussell Jr., William Fussell, and Cliff Fussell. The following, not heirs at law, were also added as defendants: Mrs. Marjorie Gasque, Jane Ann Gasque, and West End Presbyterian Church.
The prayers were: (1) for process; (2) for specific performance; (3) for relief, not necessary to be stated, in connection with the claim for specific performance; (4) for general relief.
The defendant, Consolidated Realty Investments Inc., demurred generally to the original petition on December 6, 1945, on the grounds, (1) that no cause of action was set forth against it; and (2) the petition affirmatively shows that it had the right to purchase the property in question, and that the executrix had the right to sell and convey the same to it for a valuable consideration. This demurrer was overruled on January 11, 1946, and no exception was taken. There was no demurrer to the petition as amended.
The defendant, Consolidated Realty Investments Inc., demurred specially to the original petition, all the grounds thereof being overruled except the following, which were sustained: *Page 794 
To paragraph 18 of the petition — alleging that "said will, a copy of which is hereto attached, made no provision for private sale. Petitioner shows that said sale to Consolidated Realty Investments Inc. was a private sale and invalid by reason of power in the executrix to make the same" — the defendant specially demurred, on the ground that it affirmatively shows by reference to the will attached to the original petition that the executrix under the terms of the will had the right to sell at private sale; and also on the ground that the words "and invalid by reason of power in the executrix to make the same," are in conflict with the will attached and set forth no cause of action against the defendant. To paragraph 26 — alleging, "Before said company bought said property, and before it took deed thereto, and before it paid any of the purchase-price thereof, the fact of petitioner's claim to said 716 Lee Street, S.W., was a fact well known in the neighborhood and among the friends and relatives of Mrs. Gerowe, and friends of Mrs. Gerowe knew of her contract and agreement with petitioner, as set out in this petition, respecting said 716 Lee Street, S.W., and the household and kitchen furniture referred to in paragraph thirteen of this petition, one of such friends of Mrs. Gerowe being R. S. Lowrance Sr., appointed executor under Item Eight of Mrs. Gerowe's will" — Consolidated Realty Investments Inc. specially demurred, on the ground that the allegations set out conclusions and facts which are shown to be hearsay and do not show any connection or notice with which the defendants would be chargeable. Exceptions pendente lite were duly preserved.
Consolidated Realty Investments Inc. filed a plea and answer, denying the substantial allegations of the petition, except those with respect to the conveyance by the executrix on October 22, 1945, of the property in question to it, and neither admitting nor denying the allegations as to the executrix's proceeding in the court of ordinary for the sale of certain personalty. It set up that it purchased from the executrix the property situated at 716 Lee Street in the City of Atlanta, Georgia, in good faith, is a bona fide purchaser of value, and that the said executrix had the right, under the terms of the will of Mrs. Gerowe, to sell the said property to it.
On the trial of the case, there was evidence as to the alleged *Page 795 
agreement between Mrs. Gerowe and the petitioner and as to the performance by the latter of the services agreed to be rendered Mrs. Gerowe, and also evidence as to whether or not, as contended by the petitioner, Consolidated Realty Investments Inc. bought the property here involved with notice of her claim and was not an innocent purchaser for value. Such evidence is not here set out, however, as the case turns on another question, the pertinent evidence as to which is as follows:
At the time of the death of Mrs. Gerowe, the petitioner was living with her at 716 Lee Street, S.W., in the City of Atlanta. She testified: "I know Miss Susie Hamilton, the executrix. The place I am claiming under my petition is known as 716 Lee Street, and I lived in that place in 1945, in the summer and up into the fall. Mrs. Gerowe died July 25, 1945. I paid rent to Miss Susie Hamilton for the place I was occupying, 716 Lee Street, on or about August 11, 1945, for that month, and also paid rent to her for the months of September and October. On the 15th of each month I paid $20 to her for rent. I am still continuing to pay rent on 716 Lee Street to the purchaser of that property, and have paid it every month since the purchase was made. September was the last month I paid rent to the purchaser of that property, the Consolidated Realty Company. Since October 15, 1945, I have paid rent on 716 Lee Street right straight on through the year 1945 and into 1946, each month up to the present month of September. . . Miss Hamilton told me that there would be an adjustment of the rent in the event I won my case, but the heirs were insisting that I pay rent in the meantime. . . I am paying rent to Consolidated Realty Investments now. I have to."
Miss Susie G. Hamilton, executrix, testified as to various details of the estate, and that she sold the property at 716 Lee Street and also property of the estate at 754 Lee Street to Consolidated Realty Investments Inc., each for $5500, and she identified a deed conveying the same. She further testified: "When I approached Miss Emma Gasque for rents, we were just trying to carry out the will, and I said under the conditions I would have to rent the property until it was disposed of according to the will, so that's why I rented it. . . When the will of Mrs. Gerowe was offered for probate, Miss Emma Gasque did not challenge the *Page 796 
will nor file any papers to contest my probating the will at that time that I know of. . . There was no litigation filed when I collected this first rent as executrix. Suit was not filed until November. I told Miss Emma that I had to just carry out the will, that I could not just let anybody go in and take possession of the house, I had to rent it according to the will, and that I would have to treat her just like all other nieces and nephews, and that's when I rented it to her. During the months I collected rent for August, September, and October she did not make any statement of protest in paying the rent. I don't remember any statement about it being determined at the end of litigation, before the litigation was filed. . . As to the tenants at 716, Mrs. Freeny lived in the lower apartment, and Miss Emma Gasque in the upper. Mrs. Freeny was paying $25 a month."
Ben J. Massell testified: "I am the president and principal stockholder of the Consolidated Realty Investments Inc. That corporation purchased the property at 716 Lee Street, Southwest, and also the property at 756 [754?] Lee Street, Southwest."
Mrs. G. W. Freeney testified: "As to whether after Mrs. Gerowe died I then started renting the property from Miss Hamilton, the executrix, and paid her the rent — I paid Miss Hamilton two months rent, and then I paid Allen Grayson or Goldberg, I believe it was Goldberg at that time. I paid them the rent then for Consolidated Realty Investments."
Certain documents not necessary to be noticed and set forth here were introduced in evidence. There was also introduced a warranty deed, dated October 22, 1945, from Susie G. Hamilton, as executrix of the last will and testament of Martha Florence Gerowe, to Consolidated Realty Investments Inc., conveying for $10 and other valuable considerations the properties at 716 and 754 Lee Street in the City of Atlanta, Georgia, the deed being duly recorded.
On September 18, 1947, at the conclusion of the evidence, the court announced that it would later direct a verdict for Consolidated Realty Investments Inc. The jury being unable to agree upon a verdict as to the remaining defendants, the court declared a mistrial as to them, and at the same time entered a judgment in favor of Consolidated Realty Investments Inc. *Page 797 
On October 3, 1947, the petitioner filed a motion for new trial on the general grounds, and by amendment on February 10, 1948, added a special ground complaining that the court erred in directing the verdict in favor of Consolidated Realty Investments Inc.; it being contended, (1) that the evidence would have authorized the jury to find for the petitioner against the Consolidated Realty Investments Inc., and (2) that a mistrial having been declared as to the other defendants, the proper and legal direction would have been to grant a mistrial as to Consolidated Realty Investments Inc. also. On the same day the court granted a new trial.
Consolidated Realty Investments Inc., naming as defendant in error Miss Emma Florence Gasque, assigns error on the judgment granting a new trial. By motion the plaintiff in error prays that the defendants, other than itself, in the trial court be also made defendants in error in the bill of exceptions. The motion is granted.
Miss Emma Florence Gasque, by cross-bill of exceptions, assigns error on her exceptions pendente lite to the judgment sustaining grounds 1, 2, and 11 of Consolidated Realty Investments Inc., all of the defendants in the trial court being named as defendants in error.
1. The plaintiff in error invokes the rule that, where more than one are sued jointly and by nonsuit or other judgment of the court one of the defendants is eliminated and the plaintiff proceeds against the remaining defendants, it amounts to an acquiescence upon the part of the plaintiff in the judgment of the court eliminating such defendant, and the plaintiff can not thereafter except to such judgment and obtain a review. SeeVandiver v. Ga. Ry. Power Co., 38 Ga. App. 59
(143 S.E. 455); Hodges v. Seaboard Loan c. Assn., 188 Ga. 410
(3 S.E.2d 677). We recognize the rule and understand that it is based upon the fact that, when one defendant is thus eliminated, the joint action terminates, and that by proceeding with the action against the other defendants the plaintiff abandons the action as first *Page 798 
brought. A compelling reason why we must refuse to apply this rule in the instant case is that the facts essential to its enforcement are lacking. An amended ground of the motion for new trial, certified by the trial court as true, shows that the elimination of this defendant by a directed verdict and the declaration of a mistrial as to the remaining defendants were simultaneous, and it does not appear that any action by the plaintiff against the remaining defendants has since been taken. Therefore, the plaintiff has a right which she has not forfeited, by acquiescence or otherwise, to except to the action of the court in eliminating this defendant by a directed verdict.
2. But this record confronts us with another question that is tremendously important and is exceedingly difficult. It concerns the law found in the Code, § 61-107, which is as follows: "The tenant may not dispute his landlord's title nor attorn to another claimant while in possession." In order to get directly to a consideration of this main question, it is necessary to eliminate certain collateral questions raised by the defendant in error. Based upon excerpts from the opinions in Gleaton v. Gleaton,37 Ga. 650; Beall v. Davenport, 48 Ga. 165
(15 Am. R. 656); Tufts v. DuBignon, 61 Ga. 322, and Vada Naval StoresCo. v. Sapp, 148 Ga. 677 (98 S.E. 79), it is contended that the above named Code section applies only where the action is one involving the right of possession and not one involving title. None of those cases held that the rule was inapplicable where the issue was one involving title and not merely the right of possession. We are not authorized to restrict by construction the plain provisions of this Code section in order to render it inapplicable in any case where the tenant in possession attempts to dispute the title of his landlord. It simply means that the tenant is not allowed to challenge the title of his landlord so long as he remains in possession. Barnett v. Lewis, 194 Ga. 203
(20 S.E.2d 912), and cases cited. See also Hughes v.Purcell, 198 Ga. 666 (3) (32 S.E.2d 392). The evidence in the instant case respecting the relationship of the plaintiff and the defendant corporation is sufficient to show that it is one of landlord and tenant, and that the plaintiff as tenant was in possession when the suit was filed. The rule would, therefore, apply to the case as made by the evidence, provided *Page 799 
that the lack of pleading raising this issue does not forbid its application. In Auld v. Schmelz, 201 Ga. 42
(39 S.E.2d 39), this court restated the general rule that estoppel must be pleaded, but it was there pointed out that there were exceptions to this general rule, and a number of such exceptions were there stated. Therefore, our inquiry in the present case, where estoppel was admittedly not pleaded, must be directed to the ascertainment of whether or not this case is subject to the general rule relating to pleading estoppel. In the first place, solid reasons exist for holding that this positive language of the law absolutely disqualifies a tenant from disputing his landlord's title (see, in this connection, Peacon v. Peacon,197 Ga. 748, 753, 30 S.E.2d 640); and that in any case, where it appears by pleading or evidence that the tenant is attempting to do so, his landlord is entitled to have the court apply the law and protect his rights as there declared. Indeed, there are a number of decisions of this court where this law has been applied although there was no plea of estoppel. SeeGrizzard v. Roberts, 110 Ga. 41 (35 S.E. 291); Bullard
v. Hudson, 125 Ga. 393 (54 S.E. 132); Bryant v. Towns,177 Ga. 571 (170 S.E. 669). We have not found any decision where this court has held that this rule of law could not be applied because of the absence of a plea of estoppel. In Dixon
v. Patterson, 135 Ga. 183 (69 S.E. 21), it was held that, although the petition for partition and accounting did not show grounds for applying this rule, and although the defendant filed no plea of abatement on the ground that this rule was applicable, yet in the general answer there were allegations as to some of the parties sustaining the relationship of landlord and tenant, and as to such parties there was an estoppel, and this was sufficient to authorize the application of the law as contained in the Code, § 61-107.
While the foregoing discussion and cited decisions would seem to make it clear that the rule should apply in the present case, there are other decisions that appear to hold otherwise, thus making it necessary that we examine them. In Minnesota LumberCo. v. Hobbs, 122 Ga. 20 (49 S.E. 783), there was no plea of a former recovery, but it was admitted in open court that there had been a former recovery. It was held that, because of the absence of pleadings, the court did not err in overruling a motion to *Page 800 
dismiss, based upon the evidence consisting of the admission. There is a discussion in the opinion to the effect that the evidence was irrelevant to any issue made by the pleadings, and hence was without probative value. Obviously the court did not err in denying the motion to dismiss, because the facts did not constitute grounds for dismissal. However, the assertions in the opinion that the evidence was irrelevant, and hence without probative value, did not take into account many previous decisions of this court. In Bryan v. Gurr, 27 Ga. 378, which was an action for slander, where the plea of justification was not good as such and the evidence, admissible only for the purpose of showing justification, was admitted without objection, it was held that it was error for the judge to charge the jury that the plea of justification was so defective as to render it unavailable to the defendant. In Artope v. Goodall, 53 Ga. 318, it was held that, where evidence goes to the jury without objection, and it shows a right in the party offering it, the jury may consider it although there were no allegations in the pleadings setting up the facts thus proved. To the same effect, see Haiman v. Moses, 39 Ga. 708; Field v. Martin,49 Ga. 268; Howard v. Barrett, 52 Ga. 15; Savannah, Fla. W. Ry. v. Barber, 71 Ga. 644; Central Railroad Bkg. Co. v.Cooper, 95 Ga. 406 (22 S.E. 549); Burdette v. Crawford,125 Ga. 577 (54 S.E. 677). The defendant is authorized to amend at any time and set forth entirely new defenses, provided only that he makes an affidavit as required by the Code, § 81-1310. Ober Sons Co. v. Drane, 106 Ga. 406
(32 S.E. 371); United States Fidelity c. Co. v. Clarke, 187 Ga. 774
(2 S.E.2d 608). Or the defendant may be allowed by the court, in the exercise of a sound discretion, to thus amend without making the affidavit there required. Wynn v. Wynn, 109 Ga. 255
(34 S.E. 341); Marsh v. Hix, 110 Ga. 888
(36 S.E. 230); Terrell County v. Dawson, 172 Ga. 403 (158 S.E. 47).
 In Hightower v. Blakely Lumber Co., 163 Ga. 776
(137 S.E. 22), where the relationship of landlord and tenant was not involved, and the rule of law embodied in the Code, § 61-107, was inapplicable to the evidence, which tended to show an equitable estoppel, it was held that, since there was no plea of estoppel, the trial judge was not authorized to direct a verdict in favor of *Page 801 
the defendant on the ground of estoppel, even though the evidence was sufficiently conclusive to show estoppel. In Prisant v.Feingold, 169 Ga. 864 (151 S.E. 799), and Calbeck v.Herrington, 169 Ga. 869 (152 S.E. 53), it was held that the defendant was not entitled to the benefit of a previous adjudication of the subject-matter in his favor, since these facts did not appear on the face of the petition and there was no plea or answer showing such facts, although it was shown by the evidence admitted without objection, or even upon the admission of the plaintiff, as to such former adjudication. There again this court did not have a case involving the relationship of landlord and tenant, and hence, irrespective of the pleadings, the Code, § 61-107, had no application. The soundness of those decisions may well be questioned in cases where the rule is applicable, in view of the older decisions above cited. CompareFletcher v. Reaves, 28 Ga. App. 205 (110 S.E. 510), andState Mutual Insurance Co. v. Harmon, 72 Ga. App. 117
(33 S.E.2d 105). The present case is a proceeding in equity. Code, § 61-107, defines and fixes as a matter of law the rights of landlord and tenant. Equity is not antagonistic to the law, but follows the law. Code, § 37-103. Hence, knowing this law, equity will follow it and protect the rights there fixed. Although the plaintiff testified that she was in possession of the premises here involved when the defendant corporation claimed title by purchase, when she began paying rent thereafter to this defendant she obtained possession from it in virtue of her recognition of it as the owner just as fully as if she had not been in possession prior thereto and entered only as a result of her recognition of its ownership. Her refusal thus to recognize the defendant's ownership would have deprived her of the possession that she acquired by such recognition. She could not in equity hold on to this benefit while attacking the very title in virtue of her recognition of which she held possession. One seeking equitable relief must himself do equity. Code, § 37-103.
We are satisfied that the evidence required application of the Code, § 61-107, although there was no plea of estoppel, and, accordingly, a verdict in favor of the defendant corporation was demanded; and for this reason it follows that the court erred in granting a new trial. *Page 802 
Our ruling is limited to the facts of the case as they existed at the time of the trial, and does not bar a future action by the plaintiff against this defendant, seeking a cancellation of its deed after the plaintiff has surrendered possession of the premises to it.
3. The items of the will set out in the foregoing statement of facts, properly construed, authorized the executrix to sell at private sale in her discretion. Accordingly, the court properly sustained the special ground of demurrer attacking the allegations of the petition that the will made no provision for private sale, and for that reason the sale to the defendant corporation was invalid. The court also properly sustained the special ground of demurrer attacking the allegations of paragraph 26 of the petition as being conclusions and setting out hearsay facts with which the defendant corporation would not be chargeable.
Judgment reversed on main bill of exceptions, and affirmed oncross-bill of exceptions. All the Justices concur.