CARTER *v.* CARTER.

No. 17288. NOVEMBER 14, 1950.

J. M. Hancock and Anderson, Anderson & Walker, for plaintiff in error.

Clay & Hogan, contra.

WYATT, J. Counsel for the plaintiff in error, in a very helpful manner, state in their brief that ground one of the amended motion for new trial raises the only question insisted upon before this court.

(a) The first question presented by ground one of the amended motion for new trial is that, when, on September 9, 1940, H. F. Carter conveyed to Guy C. Carter 75 acres of the 177.3 acre tract of land, there was attached to the deed a plat of the 177.3 acre tract, on which the 75 acres conveyed by H. F. Carter to Guy C. Carter were identified by the inscription, "H. F. Carter to Guy C. Carter," and the remainder of the tract was identified by the inscription, "H. F. Carter." It is insisted that, when Guy C. Carter accepted the conveyance of this land, he thereby became bound by the terms of the plat which showed the language "H. F. Carter" as to the land not conveyed.

East Atlanta Land Co. v. Mower, 138 Ga. 380 (75 S. E. 418), which deals with a plat referred to in a deed that "reserved certain portions for 'parks,'" and Field v. Hargis, 169 Ga. 670 (151 S. E. 379), dealing with a deed in which the timber was expressly reserved, and numerous other cases of similar import, cited and relied upon by the plaintiff in error, we do not consider in point on the question now under consideration. In the instant case, the plat was simply prepared for and used as a method of describing the property conveyed. The legal result would have been the same, in so far as this question is concerned,

had the property conveyed by this deed been described by metes and bounds in the deed without the use of a plat. The manner in which the plat was used in this case does not amount to an express reservation.

(b) The next question presented is that Guy C. Carter is estopped from disputing the title of H. F. Carter to the land in dispute because of his acceptance of a deed to only a portion of the land as described by the plat above referred to. There was no plea of estoppel. It is contended that no plea of estoppel was necessary. *Fletcher* v. *Reaves*, 28 *Ga. App.* 205 (110 S. E. 510), and several other decisions of the Court of Appeals holding, that "the party failing to object to evidence of an estoppel is estopped from denying that a plea of estoppel was filed," are cited and relied upon. *Haiman & Brother* v. *Moses & Gerrard*, 39 *Ga.* 708, holding that "generally, when a party permits proceedings to be had, in the progress of his case, without making any objection, the court will hold him to have waived the objection, and will not relieve him against the consequences of the proceeding, to which he did not object at the proper time," is cited and relied upon. Also, *Field* v. *Martin*, 49 *Ga.* 268; *Howard* v. *Barrett*, 52 *Ga.* 15; *Artope* v. *Goodall*, 53 *Ga.* 318; *Taylor* v. *Taylor*, 195 *Ga.* 711 (25 S. E. 2d, 506); *Barbee* v. *Barbee*, 201 *Ga.* 763 (41 S. E. 2d, 126), to the same effect. None of these decisions by this court deals with the defense of estoppel, but they deal with other questions when evidence is admitted covering matter not included in the pleadings, and the court applies the general rule that admission of the evidence without objection cures the defect of lack of pleadings covering the matter thus dealt with, provided it is matter that could have been added by amendment.

This court, in *Hightower* v. *Blakely Lumber Co.*, 163 *Ga.* 776 (137 S. E. 22), said: " . . The case now under consideration being an equitable action to enjoin the cutting of timber, in which there was a petition and answer, but no special plea alleging an equitable estoppel as against the plaintiff, whether or not the evidence upon estoppel, which was admitted without objection, was sufficient to conclusively show grounds for estoppel, there being no special plea or allegation in the answer alleging an estoppel, the judge was not authorized to direct a verdict

for the defendants on the ground of estoppel." This is a full-bench decision of this court, and can not be distinguished from the case now under consideration.

In *DeVore* v. *Baxter*, 155 *Ga.* 109 (116 S. E. 610), while the case was decided upon the ground that no estoppel was made to appear, language of the same import as that in the *Hightower* case, supra, was used. See also *Prisant* v. *Feingold*, 169 *Ga.* 864 (151 S. E. 799); *Minnesota Lumber Co.* v. *Hobbs & Livingston*, 122 *Ga.* 20 (49 S. E. 783).

This court in *Consolidated Realty Investments Inc.* v. *Gasque*, 203 *Ga.* 790 (48 S. E. 2d, 510), used language that could be construed as questioning the soundness of the rulings in *Hightower* v. *Blakely Lumber Co.* and *Prisant* v. *Feingold*, supra. This court was there dealing with a case involving the right of a tenant in possession to dispute the title of his landlord, and the question now under consideration was not decided. The language used in that case on the question now under consideration was clearly obiter.

In *Bennett* v. *Davis*, 201 *Ga.* 58 (39 S. E. 2d, 3), the question now under consideration was not decided, but on the question *Fletcher* v. *Reaves*, supra, was cited; but, along with the citation, the decisions of this court herein referred to, holding the exact opposite of what the Court of Appeals held in *Fletcher* v. *Reaves*, supra, were cited.

We must decline to follow the rule as laid down by the Court of Appeals, since we are bound by full-bench decisions of this court holding to the contrary. No rule of law is more firmly fixed in the law of this State than the rule that, if estoppel is relied upon as a defense, there must be a plea of estoppel. Since there was no plea of estoppel by the defendant in this case, it was too late after the trial for him to raise that question.

From what has been said above, it follows, there was no error in overruling the motion for new trial.

*Judgment affirmed. All the Justices concur, except Duckworth, C.J., who dissents.*