36498.  CLAUDE S. BENNETT, INC. *v.* VANNEMAN.

Decided February 18, 1957.

*Daniel B. Clark, Nick Long, Jr.,* for plaintiff in error.

*A. Walton Nall, Nall, Sterne, Miller, Cadenhead & Dennis,* contra.

GARDNER, P. J. ■ To refuse to direct a verdict is within the discretion of the trial court and in the absence of abuse of such discretion, this court will not reverse a case for such refusal.

■ We have set out substantially all of the evidence adduced at the trial and find it ample to support the verdict and judgment. The general grounds are without merit.

■ Special grounds 1, 2 and 3 of a motion for new trial assign error because it is alleged that the court erred in charging the doctrine of estoppel. It will be noted that the pleadings as set out hereinabove show that estoppel is pleaded properly. It will be noted that the diamond was consigned to the defendant with option to purchase and subject to final acceptance not later than July 1, 1954. It will be noted also that in count 3, paragraph 4, the plaintiff shows that the defendant took possession of said

■

diamond under said consignment with option to purchase and agreed to buy said diamond from the plaintiff at the termination of the consignment period on or before July 1, 1954. The evidence shows that the diamond disappeared during the period of the consignment with option to purchase. The question as to whether or not the defendant would have been liable after July 1, 1954, is not before the court. The evidence adduced upon the trial clearly brought in question the doctrine of estoppel and such evidence corresponded to pleadings of estoppel. Moreover, the evidence regarding estoppel was admitted without objection. See *Fletcher* v. *Reaves*, 28 *Ga. App.* 205 (2) (110 S. E. 510). It is not necessary that the pleader use the word "estoppel." Facts on which estoppel rest must be pleaded and proved. This was done and it was clearly the duty of the trial court to charge upon the doctrine of estoppel. Special grounds 1, 2 and 3 are not meritorious.

■ Special grounds 4 assigns error because it is alleged that the court erred in allowing in evidence the testimony of an insurance agent of the defendant as to the conversation which took place when the defendant called the insurance agent to have the binder lifted. Counsel for the plaintiff objected to this testimony. The court said: "I think he has the right, under the circumstances, and in view of your interrogation, to explain why he lifted the binder, and what his instructions were." The same evidence had been developed previously from a witness for the plaintiff as well as for the defendant, and the testimony of the witness North was not harmful to the plaintiff. The court did not err in this respect. This special ground is not meritorious.

■ Special ground 5 assigns error in that the binder was presented as an exhibit. The plaintiff contends that the defendant had no title or insurable interest in the diamond at the time its loss was discovered, having given the diamond to his wife, and that this exhibit had no place in the evidence. It is elementary that regardless of the person to whom the defendant "gave" the diamond, had the defendant not complied with the terms of the contract of assignment or option to purchase, the diamond would have been repossessed by the plaintiff. There is evidence that the defendant explained the whole transaction to his wife and it

may be assumed that she understood that if the defendant did not decide by July 1, 1954, to purchase the diamond it would be returned to the plaintiff's jewelry store. The diamond was still in the possession of the defendant, even though being used by the defendant's wife. A straight contract of purchase was not involved, only a contract of assignment or option to purchase. The law is as stated in *McKenzie* v. *Roper Wholesale Grocery Co.*, 9 *Ga. App.* 185 (70 S. E. 981): "An option to the effect that the consignee may purchase the goods is not incompatible with a contract of consignment; but in such cases the consignee does not become bound as a debtor for the purchase price until he exercises his option to buy, or until he disposes of the goods or violates his contract of consignment." On page 188 of the same case the court said: "In consignments the bailee is merely the agent of the bailor, and the bailor can not force him to pay for the goods, unless he has sold them, has appropriated them to his own use, or has violated the contract of agency." In view of the whole record in this case presenting the issue of title to the diamond and the insistence on the part of the plaintiff that the defendant pay for the diamond, we are of the opinion that this exhibit was supported by other testimony and was admissible. The trial court did not err in admitting this exhibit. Special ground 5 is without merit.

■ Special grounds 6 and 7: Special ground 6 assigns error because the court did not charge, without a written request, the definition of a contract. Special ground 7 assigns error because the court failed to charge without a written request, the essentials of a contract. The court charged that the instrument was an option to purchase. In view of the whole charge of the court, which was full and comprehensive, and in the absence of a timely written request so to charge, the court did not commit reversible error as set out in special grounds 6 and 7.

■ Special ground 8 assigns error in that the court should have charged as follows: "Where one having a right to accept or reject a transaction, takes and retains benefits thereto, he becomes liable thereby." In this consignment or option to buy contract, it would seem that the contract which was to exist from December 26, 1953, to July 1, 1954, would have no excuse for existing had the

defendant not been given possession of the diamond. Otherwise the defendant obviously would have waited until July 1, 1954, or some other time and purchased the diamond outright by a proper contract of sale. Possession was all he got out of the option to buy it at a future time. This ground is not meritorious.

The court did not err in any of the rulings.

*Judgment affirmed. Carlisle, J., concurs. Townsend, J., concurs specially.*

TOWNSEND, J., concurring specially. The printed form signed by the defendant was a retention-title contract under which, upon loss or destruction of the property, with or without fault of the vendee, there would be no abatement of the purchase price, and under this provision the plaintiff could recover even though title did not pass, unless estopped to urge this provision of the contract as contended by the defendant. However, the printed provisions of a contract, when in conflict, must yield to those written in, as follows: "This diamond is consigned to Mr. Vanneman subject to final acceptance not later than July 1." Such a contract amounts only to a contract of bailment. *Whitaker v. Paden*, 78 *Ga. App.* 145, 147 (50 S. E. 2d 774) and citations. The contract might have further provided that any loss while the merchandise was in the defendant's possession would fall on him, but it failed to do so. What it did provide was that loss would not abate the purchase price, and until the defendant exercised his option to buy there was no purchase price to abate. It follows that under the circumstances here set forth the defendant was liable merely as a bailee—that is, if he had not purchased the property by July 1, 1954, he would have owed the plaintiff the duty of returning it. Prior to such time he was entitled to its possession, and owed the plaintiff the duty of exercising ordinary care to avoid loss or damage to it. The plaintiff apparently proceeded on this theory by alleging, in counts 2 and 3, that the ring disappeared due to the defendant's negligence. In my opinion this is the crux of the case. The evidence presented a jury question as to whether or not the defendant was negligent, and the jury resolved this question in favor of the defendant. Under this view of the case, special grounds 3 and 4 are without merit for the reason that the defendant had a right to plead and prove acts of the plaintiff

which he contended prevented him from insuring the property as a circumstance showing the care he exercised toward it. Also, under this theory, if the loss was the result of the defendant's negligence, his measure of damages would have been the reasonable value of the property rather than the contract price, although the latter, of course, would be evidence of the former.