Ponce *et al. vs.* Underwood *et al.*

---

DIMAS R. PONCE *et al.*, plaintiffs in error, *vs.* ADOLPHUS A. UNDERWOOD *et al.*, defendants in error.

1. The superior courts of this state have no jurisdiction to establish copies of lost wills.

2. When a court transcends the limits prescribed for it by law, and assumes to act where it has no jurisdiction, its adjudications will be utterly void either as an estoppel or otherwise.

Wills. Lost papers. Jurisdiction. Judgments. Before Judge POTTLE. Hancock Superior Court. October Term, 1875.

Reported in the decision.

J. T. JORDAN ; JAMES A. HARBY, for plaintiffs in error.

M. W. LEWIS ; C: W. DuBOSE ; ORR & LEWIS, for defendants.

WARNER, Chief Justice.

This was a bill filed by the complainants against the defendants, praying for an account and relief in relation to certain described lands specified therein. The complainants claim under the last will and testament of Isabella Ponce, deceased, which they allege had been lost, and a copy thereof had been established in the superior court of Hancock county, and afterwards admitted to probate in the court of ordinary

of that county, on the oath of John H. Little, who appears as one of' the subscribing witnesses on said established copy. The defendants demurred to the complainants' bill on two grounds: First, because the paper set forth in the complainants' bill as having been established by the judgment of the superior court as the last will and testament of Isabella Ponce, deceased, was void for want of jurisdiction of that court to establish the lost will of the testatrix; and, second, because the testatrix was a married woman, and had no such separate estate in the land, or power of disposition over it, as would enable her to dispose of it by will, and that there was no equity in complainants' bill which would entitle them to relief. The court overruled the demurrer on the last ground taken, but sustained it on the first, and dismissed the complainants' bill. Whereupon both parties excepted.

1. We will consider the last ground of the demurrer first. Assuming that the alleged lost will of Isabella Ponce had been legally established, then, in our judgment, she had such an estate in a portion of the land, at least, conveyed to her sole and separate use as would have enabled her to have disposed of it by her last will and testament as her separate property, and for that reason the last ground of the demurrer was properly overruled. In relation to the first ground of demurrer, that the superior court had no jurisdiction to establish the alleged copy will set forth in the record as the last will and testament of Isabella Ponce, it is not an open question in this court. In *Perkins vs. Perkins*, 21 *Georgia Reports*, 13, it was held and decided that the superior courts in this state did not have the power or jurisdiction to establish copies of lost wills, and we concur in the ruling of the majority of the court in that case. The pretended will of Isabella Ponce, as set forth in the record, under which the complainants claim, is a mere nullity.

2. But it was insisted on the argument here, that although that may be so, still, that inasmuch as Dimas Ponce, the executor named in said copy will, offered the same for probate in the court of ordinary, and the same having been proven by John H. Little, and admitted to record, and Ponce having

been qualified as executor tõ execute the same, and letters testamentary having been granted to him, that he, and those claiming under him, with full knowledge of the facts, are now estopped from denying that the copy will established in the superior court is not the last will and testament of Isabella Ponce. The history of the case, as disclosed in the record, is substantially as follows: At the October term, 1862, of Hancock superior court, the copy will of the alleged testatrix was established. At the November term of the court of ordinary, 1862, of Hancock county, the copy will was probated on the oath of Little, and admitted to record, and Dimas Ponce qualified as executor, and letters testamentary were granted to him. At the March term, 1863, of the court of ordinary of said county, Dimas Ponce was, after the publication of the legal citation, appointed by the ordinary administrator on the estate of Isabella Ponce, deceased, the said Dimas making oath, in writing, that the deceased died without any valid last will and testament; that a last will of deceased had been established in the superior court of Hancock county, which he is advised by legal counsel, is invalid, etc., and then follows the usual oath to well and truly administer the estate as her administrator. In June, 1863, Dimas Ponce, as administrator of Isabella Ponce, after having given the legal notice of his application for leave to sell, obtained an order from the court of ordinary granting to him leave to sell eight hundred acres of land as the property of the said Isabella, the same being the lands claimed by complainants under the pretended will of the deceased. In pursuance of the order granting leave to sell the land, Ponce, as administrator aforesaid, after having duly advertised the same, sold the land at administrator's sale, at the court-house door, on the first Tuesday in August, 1863, when the same was bid off by Underwood, one of the defendants in complainants' bill, for the sum of $8,000 00, and the said Ponce, as administrator, made him a deed to the land. Is Underwood, the purchaser of the land at the administrator's sale, estopped from contesting the complainants' right to recover the land under the pretended

will, which was a mere nullity for want of jurisdiction in the superior court to establish the same, although he may have had full knowledge of that void proceeding in the superior court, and the subsequent proceedings had in relation thereto by Ponce as the pretended executor under that void will? In our judgment, he is not, and there was no error in the court below in sustaining the first ground taken in the demurrer, and dismissing the complainants' bill. When a court transcends the limits prescribed for it by law and assumes to act where it has no jurisdiction, its adjudications will be utterly void and of no effect, either as an estoppel or otherwise: Herman's Law of Estoppel, 45.

Let the judgment of the court below be affirmed.