## SPERBER *vs.* BALSTER *et al.*

1. Though an instrument may have the general form of a deed, yet if its evident intention is to pass no estate until the death of the maker, it will be construed to be testamentary in character.
2. The court of ordinary has exclusive jurisdiction of the probate of wills, and a will cannot be proved and admitted in evidence in a contest under it in the superior court.

Wills. Deeds. Jurisdiction. Evidence. Before Judge FLEMING. Effingham Superior Court. November Term, 1880.

Balster *et al.* brought ejectment against Sperber *et al.* The case was dismissed as to the others, and proceeded against Sperber alone. Plaintiffs claimed as heirs at law of Kohler, deceased; defendant claimed under the following instrument:

STATE OF GEORGIA—Effingham County.

This Indenture made this the eleventh (11) day of February, 1880, between August Kohler of the first part, of the county of Effingham,

and Sophestina Sperber of the second part, of said county above mentioned, witnesseth that the said August Kohler for and in consideration of services rendered him by the said Sophestina Sperber as nurse in his last sickness, and for her faithful attendance toward me, August Kohler, for the last three years; and now I, August Kohler, for the services rendered by the said Sophestina Sperber to me, make this my deed of gift to her, which is hereby set forth in the schedule below. I, August Kohler, do grant, give, bargain and convey, first, all that tract and parcel of land, located in Effingham county, State of Georgia, and lying near No. 2 Station. C. R. R., Eden, Georgia, and said to contain by resurvey six hundred and fifty (650) acres, and bounded North by lands of Waiver estate, East by Big Ogeechee River and Henry E. Smith; South, Bothwell and Harvey; West, Big Ogeechee River and Henry E. Smith. To have and to hold as her right and property, to her heirs and assigns. Said deed of gift to be of full effect at my death, together with all the live stock, cattle, hogs, mules, poultry and all other live stock that may be found on said premises, together with all said premises. I also give to the said Sophestina Sperber, all my household and kitchen furniture; also all bedding, together with all plantation tools. To have and to hold the above said premises, together with all buildings, dwelling-house, kitchen, outhouses, to the said Sophestina Sperber, her heirs and assigns in fee simple; and the said August Kohler will, and his heirs and executors and administrators shall, the said property to the said Sophestina Sperber, executors and administrators, forever warrant and defend against the lawful demands of all persons whatever. In testimony whereof the said August Kohler has set his hand and seal, this the day and year above written; further, the said Sophestina Sperber is to have and to hold all the furniture that is brought in the house or on the place in the year 1880, and all that may be brought on the place or in the house any time after; further, the said August Kohler has hereunto set his hand and seal, this February 11th, 1880.

AUGUST KOHLER, [L.S.]

J. E. CRAWFORD, witness.

AARON BRANCH, his X mark, witness.

Signed in presence of me, this February 11th, 1880.

ALLEN CRAWFORD, J. P., 10th D. G. M.,
Effingham county, Ga.

This instrument was tendered in evidence as a deed, but was rejected by the court, on the ground that it was testamentary in its character, and could not be put in evidence until it had been probated. After verdict for the

plaintiffs, defendant moved for a new trial, which was re-fused, and defendant excepted.

R. R. RICHARDS, for plaintiff in error.

LESTER & RAVENEL, for defendant.

JACKSON, Chief Justice.

1. But two questions are before us in this case; first, is the paper offered in evidence to show title out of decedent, and therefore out of his heirs, a deed, or is it a will; and secondly, if a will, can it be proved so as to pass title with-out regular probate before the court of ordinary?

But for the case in 31 *Ga*, 720, we should hold that the first question did not admit of argument. For though there be several formal *indicia* of a deed in the paper, yet construing the whole instrument together and looking for the intention of the grantor to pass a present estate in the land on the making the deed, or not until the donor's or maker's death, or his intention to have it take effect at once or at death, it would seem perfectly clear that he meant it to take effect at death. He says "said deed of gift to be of full effect at my death, together with all the live stock, cattle, hogs, mules, poultry, and all other live stock that may be found on said premises, together with all said premises."

These words show the intention of the maker to convey what would be on the premises at his death, and to have his gift of the land to go into effect at the same time. The case in the 31st *Ga.*, however, rules that a prior gift of the premises cannot be restricted by words used in the *haben-dum* and *tenendum* of the deed so as to turn the paper into a will, and the words above cited in the case before us follow the words "to have and to hold." Yet we think that the case at bar may be taken without that decision in the 31st, inasmuch as where the words occur here is not the real *habendum* and *tenendum* clause of this paper,

at least it is not the only one, for elsewhere in the instrument there are two others, and inasmuch as it says "to have and to hold, as her right and property to her heirs and assigns, said deed of gift, to be of full effect at my death;" and inasmuch as after the first clause above cited it is added, "I also give to the said Sophestina Sperber all my household and kitchen furniture, also all bedding, together with all plantation tools, to have and to hold the above said premises, together with all buildings, dwelling-house, kitchen, out houses to the said Sophestina Sperber, her heirs and assigns in fee simple."

Then follows the clause of warranty, "against the lawful demands of all persons whatever," and following it are these words:

"In testimony whereof the said August Kohler has set his hand and seal, this the day and year above written; further, the said Sophestina Sperber is to have and to hold the furnitnre that is brought in the house, or on the place in the year 1880, and all that may be brought on the place or in the house any time after; further, the said August Kohler has hereunto set his hand and seal.

AUGUST KOHLER, [L.S]

J. E. CRAWFORD, witness.
AARON BRANCH, his X mark, witness.

Signed in presence of me, this February 11th, 1880.

ALLEN CRAWFORD, J. P."

It is only necessary to refer to the three several *habendums* in this paper to show the impropriety of applying rules of art in the construction of papers artistically drawn to an instrument so inartistically constructed. Neither the maker nor the draftsman, it is fair to infer, had the slightest conception of the legal office of the *habendum* and *tenendum* clause of a deed, and to make the intention of the first and the expression of that intention by the latter turn on any rule laid down in the books touching the office of the clause, would be the height of folly.

The true meaning of the maker here, whether to part

with title at once or on his death, must be gathered from the entire paper. The title to other items of property in the very same sentence passing to the same person may well be invoked to show how and when the title to the land was intended to pass. The furniture afterwards to be brought on the place in 1880 and subsequently, the stock found on the place at his death, these are clear *indicia* of the intention of the maker. The very fact the deed of gift is to have full effect in express words at the death is potent to show the meaning of the donor. No life interest—no possession for life is anywhere reserved. Such a thing is not hinted at. It cannot for a moment be thought that the maker intended to strip himself of home, furniture and stock, all he possessed, and leave himself naked, without the reservation of either title or possession, until he ceased to need anything by going to the unseen world and ceasing to be an inhabitant of this. Therefore, saying, as he does, nothing in this instrument of a reservation to himself of any use or possession, and using words to show that the paper, as to the gift of the land, is to take effect at death, and that other property conveyed in the same language could not pass to the beneficiary until the death of the maker, seems to us to leave little doubt of the real intention of the maker.

It is wholly unnessary to cite cases or invoke precedents in construing a paper like this with a view to get at his meaning in respect to the time when he intended title, right, property, to pass out of himself into the object of his bounty. It is enough to lay down the universal principle, embodied in our Code, §2395, which is in these words: " No particular form of words is necessary to constitute a will ; and in all cases, to determine the character of an instrument, whether it is testamentary or not, the test is the intention of the maker, from the whole instrument, read in the light of the surrounding circumstances. If such intention be to convey a present estate, though the possession be postponed until after his death, the in-

strument is a deed ; if the intention be to convey an inter-
est accruing and having effect only after his death, it is a
will." So reading this instrument, we construe it to be
clearly a will ; at all events, we all hold that such is the
better legal view of it ; and even if the 31 *Ga.*, should
cloud the view with some uncertainty, we would not feel
inclined, from such bare doubt entertained by any of us, to
reverse the judgment of the able and experienced judge
who made the ruling below.

2. In respect to the other point, we are clear that the
court of ordinary alone has jurisdiction· in regard to the
probate of wills. Such is the Code giving that court
*exclusively* this jurisdiction ; and for a time to which the
memory of man runneth not the contrary, it has been held
in this state that proof of the will could not be made so
as to pass title in another court where title to property
was at issue.

Judgment affirmed.

SPEER, Justice, concurred *dubitante.*