18376. WOO *v.* MARKWALTER, Trustee.

ARGUED OCTOBER 13, 1953—DECIDED NOVEMBER 9, 1953.

*Curry & Curry,* for plaintiff in error.
*Congdon, Harper & Leonard,* contra.

ALMAND, Justice. 1. Courts of ordinary in this State have authority to exercise original, exclusive, and general jurisdiction over the probate of wills, the granting of letters testamentary, and all other such matters as appertain to estates of deceased persons. Code §§ 24-1901 (1, 2, 10), 113-603. The superior court does not have original jurisdiction to establish a copy of a lost will and testament, whether such will has or has not been admitted to probate in the court of ordinary, as an adjudication as to the factum of a will can be had only in the court of ordinary. *Perkins* v. *Perkins,* 21 *Ga.* 13. Where a will has been lost or destroyed subsequently to the death of a testator, a copy of the same, where clearly proved to be such by the subscribing witnesses and other evidence, may be admitted to probate and record in lieu of the original (Code § 113-611), but the court of ordinary and not the superior court has jurisdiction over such proceeding. *Ponce* v. *Underwood,* 55 *Ga.* 601 (1). The court of ordinary having exclusive jurisdiction of the probate of wills, an unprobated will cannot be proved and admitted in a contest under it in the superior court. *Sperber* v. *Balster,* 66 *Ga.* 317 (2).

2. The provisions of the seventh section of the English statute of 29 Car. 2 c 3, known as the statute of frauds, that all declarations and creations of trusts shall be manifested and proved by writing signed by the party who is by law enabled to declare such trust, or by his last will in writing, or else shall be void, are embodied in Code § 20-401 (4), which provides that any contract for the sale of lands, or concerning them, must be in writing, § 108-105 which provides that all express trusts shall be created or declared in writing, and § 113-301 which provides that all wills (except nuncupative wills), disposing of real or personal property, shall be in writing, signed by the party making

the same or by some other person in his presence and by his express direction, and be attested and subscribed in the presence of three or more competent witnesses. A trust in land must be proved by a writing. *Miller* v. *Cotten,* 5 *Ga.* 341 (1).

3. As we construe the decree of the superior court appointing Markwalter as trustee of the estate of McAuliffe, it was one in which the copy of the will of McAuliffe was established in lieu of the original, and its legal effect was to probate the same as his last will and testament. The superior court sitting as a court of equity was without original jurisdiction to enter such a decree. The court of ordinary alone had jurisdiction to establish the copy as being the last will and testament of McAuliffe. The mere fact that only one witness could be produced to testify as to the execution of the will, and the inability of the parties to produce the two other witnesses (who were in life) to testify as to the execution of the will, do not constitute grounds upon which a court of equity would be authorized to intervene. Equity is not antagonistic to, but follows, the law. Code § 37-103. Where the law provides that, to probate a copy of a lost will in the court of ordinary, there must be sworn proof given by the living persons who signed the original will as witnesses, or other evidence as to the execution of the will by the testator, with the same degree of proof as in the probate of a will in solemn form —to permit a court of equity to intervene and decree a copy of the will to be established and made effective as a probated will upon the testimony of one witness, the other two witnesses being unidentified, would nullify the requirements of Code § 113-611.

It is contended by counsel for the trustee that the superior court by its decree did not establish the copy as being a will and probate the same, but that said court under its equity powers took jurisdiction of the estate and appointed a trustee to administer the same in accordance with the provisions of the will, treating the will as a declaration of trust which, under the facts of this case, was impressed upon the property of the estate. The answer to this contention is, that the trust set up by the decree, being a testamentary trust, must be in writing, and could only be effective as an express trust from the time that the will was probated. Even if the original will was in existence, or if a copy of the same be duly established in the court of ordinary, a judg-

ment of probate by the court of ordinary was necessary before title to the estate would vest in the trustee.

No trust in real estate can be created by any declaration of trust in a will unless the will is executed in such form as that it can be allowed in a court of probate. It must be in such form as that it will pass the estate that it is intended to operate upon. The universal rule is that no will can be used to prove a transfer of any interest, legal or equitable, unless it has been duly proved and admitted to record in the court having jurisdiction over its probate. 1 Perry on Trusts (7th ed.) pp. 102, 103, §§ 90, 91. "A trust cannot be created by a testamentary disposition unless the requirements of the statutes relating to the validity of wills are complied with." Restatement of the Law, Trusts, 156, § 53. The trust attempted to be set up here is not one arising by operation of law, such as an implied or resulting trust, but is an express trust.

Counsel for the trustee cite as authority for their position *Harris* v. *Tisereau*, 52 *Ga.* 153 (21 Am. R. 242). That case is clearly distinguishable upon its facts from the case now before us. There, one Tisereau and others filed an equitable petition against Harris as executor of the will of Jane Rogers. It was alleged that Berry Rogers a short time before his death executed a legal and valid will, a copy of which cannot be attached for the reason that Jane Rogers, his wife, withheld the will from probate and destroyed the same, and that before her death she admitted that she had destroyed the same; that under the destroyed will the testator had devised certain real estate to Jane Rogers for life, and all the remainder of the estate had been devised to the plaintiffs. The prayers were for a receiver to take charge of the property in the possession of the executor of Jane Rogers, and for a decree that the estate in the hands of the defendant as executor, which had been held by Jane Rogers for the plaintiffs under the will of her husband, be turned over to the plaintiffs and divided between them. This court held that there was equity in the bill, though it did not seek a probate of the will, but to charge the trust estate and secure the property, which constituted sufficient reasons why the will had not been proven before the ordinary, and that in such a case a court of equity had jurisdiction over fraud in the destruction of the will

notwithstanding the exclusive jurisdiction of the ordinary in general over probate matters. At the beginning of the opinion, the court said: "The question whether, in any case, a court of chancery in this State can entertain jurisdiction of the probate of a will, is a new one, and deserves serious consideration, though it is not, in our opinion, necessarily involved in the record." P. 157. The court stated that, under the practice prevailing in England, a court of equity in this State had jurisdiction, where a person in possession of an unprobated will suppressed or destroyed the same, to decree that the spoliator holds the bequest or devise in trust for the devisee, the opposite party, where there was no probate of the will; the right of equity so to intervene being based upon the analogy of fraudulent suppression of a deed, where equity requires the wrongdoer to hold the property in trust for the person who received the interest under the destroyed deed. The question dealt with in that case is wholly different from that presented by the facts in the instant case, and does not support the trustee's contention that it is authority for equitable intervention here.

During the oral argument the attention of the attorneys was called to the case of *Saliba* v. *Saliba*, 202 *Ga.* 791 (44 S. E. 2d 744), as to whether or not the facts and particulars as to the execution of the lost will in that case were such as to authorize the court of ordinary to probate a copy of the lost will in the instant case. The petition for probate alleged that the will was witnessed by one named person and by two other persons, who were two of four named persons. In the fifth division of the opinion, on the question of whether or not the evidence showed what three persons did witness the execution of the will, this court ruled that the evidence as a whole was sufficient for the jury to find that the will was in fact signed by three particular individuals as witnesses. In the same division (at p. 805) the Justice speaking for the majority of the court stated: "But since the contention is several times made in the record, that the evidence as a whole was not sufficient to show what three particular persons witnessed the will, and since we are of the opinion that such contention is not well founded as a matter of fact, we will proceed to deal with it at this point, although in doing so we do not mean to imply that a mere failure to prove

what three particular persons witnessed the will would be fatal to the plaintiff's case, in view of other circumstances proved, including evidence to the effect that it was witnessed by three of five particular persons, all of whom were called and testified, as shown in the statement. *As we view the case, no decision is necessary as to the latter question, and therefore none will be Made.*" (Italics ours.). And he further stated (at p. 806): "We need not determine whether the plaintiff, in order to prevail, would be *bound* to prove what three particular persons witnessed the will, in view of all the evidence in the record relating to the matter of witnessing." It will thus be seen that what was stated by the Justice who prepared the opinion for the majority with reference to the question of whether it was necessary, where three of five named persons witnessed the will, to prove what three particular persons did witness it, was merely a discussion of the contentions of counsel and did not purport to be a ruling, the court having expressly ruled that the evidence was sufficient to show what three named individuals witnessed the will. As to what proof is necessary in such cases, see *Kitchens* v. *Kitchens,* 39 *Ga.* 168 (1) (99 Am D. 453), *Fletcher* v. *Gillespie,* 201 *Ga.* 377 (40 S. E. 2d 45), and the special concurring opinion of Justice (now Chief Justice) Duckworth in *Saliba* v. *Saliba,* 201 *Ga.* 577, 588 (40 S. E. 2d 511).

It is further insisted that, if a court of equity did not have jurisdiction to set up the will as was done in this case, the estate could not be administered in the court of ordinary as an intestate estate, for the reason that no one could testify, in a proceeding for the appointment of an administrator, that there was no will in existence, and with the will in existence the court of ordinary would not have authority to appoint an administrator. As we have seen from what is said above, the fact that the parties are unable to probate a copy of the will in the court of ordinary under the requirements of Code § 113-611 does not of itself give any jurisdiction to a court of equity. As to whether or not the court of ordinary would have jurisdiction to appoint an administrator, and the validity of his actions, though no one could testify positively that a will was not in existence, reference may be had to *Scarborough* v. *Long,* 186 *Ga.* 412 (197 S. E. 796).

164

Not as a precedent, but as a legislative oddity, and to show how the General Assembly of Georgia strayed from its legislative duties and invaded the judicial field, see Ga. L. 1858, p. 167, where by an act of the legislature an unsigned will of a named person was validated, and in effect probated.

A court of equity not having jurisdiction to establish a copy of a will and probate the same, or to appoint a trustee to carry out the provisions of an unprobated will, its judgment establishing such will transcended its jurisdiction, and such adjudication is of no effect either as an estoppel or otherwise. *Ponce v. Underwood*, 55 *Ga.* 601, supra (2). It follows that the trial court erred in entering a decree requiring the defendant to specifically perform the contract as prayed by the plaintiff, who was acting as trustee for the McAuliffe estate under the void decree.

*Judgment reversed. All the Justices concur, except Duckworth, C. J., not participating.*