21210.   DOCKERY *et al.* v. FINDLEY *et al.*

DUCKWORTH, Chief Justice.   This action is for injunctive relief, the appointment of a receiver to marshal the assets of an estate, and the voiding of all acts and pretended acts of the administrators of said estate, arising out of alleged fraud of said administrators, in that one of them is alleged to have actual knowledge of the existence of a lost will and testament of their intestate, and has never reported it to the Ordinary of Toombs County, and has secreted it from the court and these petitioners for the purpose of destroying the rights of the petitioners and defrauding them of their rights by selling certain assets of the estate, which petitioners would inherit under the will, all of which is alleged to be fraud upon these petitioners and the ordinary of said county.   By amendment a substantial copy of the purported will was attached thereto, and the amendment further set forth allegations surrounding the disappearance of the last will and testament of the intestate.   General and special demurrers, as renewed after amendments were filed, came on for a hearing, and, after argument of counsel, the renewed general demurrers were sustained and the petition as amended was dismissed.   The exception is to that judgment.   *Held:*

1. A court of ordinary alone has original, exclusive, and general jurisdiction to probate wills, and likewise has jurisdiction alone to probate a copy of a lost will.   *Code* §§ 24-1901 (1, 2, 10), 113-603, 113-611; *Perkins v. Perkins,* 21 Ga. 13; *Ponce v. Underwood,* 55 Ga. 601; *Sperber v. Balster,* 66 Ga. 317 (2); *Saliba v. Saliba,* 201 Ga. 577 (40 S. E. 2d 511);

*Saliba v. Saliba,* 202 Ga. 791 (44 S. E. 2d 744); *Woo v. Markwalter,* 210 Ga. 156 (78 S. E. 2d 473).

2. The petition as amended fails to set forth grounds for the equitable relief prayed, since the allegations necessarily depend upon the probate of the alleged copy of the will in the court of ordinary in order to void the acts of the administrators, both of which are within the jurisdiction of the court of ordinary. The amendment, having a substantial copy of the alleged lost will attached, shows clearly that it should be offered for probate in that court, under *Code* § 113-611, which is the proper court having jurisdiction to settle all matters involving probate of wills, the granting and revocation of letters of administration, and all other matters involving estates of deceased persons. The court did not err in sustaining the general demurrers and in dismissing the petition as amended.

*Judgment affirmed. All the Justices concur.*

Submitted April 10, 1961—Decided May 9, 1961.

*Sharpe & Sharpe, T. Ross Sharpe, T. Malone Sharpe,* for plaintiffs in error.

*Wm. T. Darby, Nat O. Carter,* contra.