S06A0606. WARD v. MORGAN et al.
(629 SE2d 230)

THOMPSON, Justice.

Plaintiffs brought suit against Johnny Ward seeking an accounting with regard to proceeds from the sale of timber. They alleged that, together with Ward, they are co-tenants of the underlying property. Ward answered, asserting he alone owns the property by adverse possession. On cross-motions for summary judgment, the superior court found that plaintiffs and Ward are tenants in common and that plaintiffs are entitled to an accounting. We agree with the superior court that no issue of fact as to adverse possession remains in the case and that plaintiffs are entitled to judgment as a matter of law. See generally *Brown v. Williams*, 259 Ga. 6 (375 SE2d 835) (1989). Accordingly, we affirm.

Nettie Ward, Johnny Ward's mother, died in 1988. Ward filed a petition to probate his mother's will, which purported to give him sole legal title to the property in question. On January 3, 1989, the probate court entered an order of continuance to allow service to be perfected upon Nettie's heirs. No other action was taken in the probate case until July 12, 2004, when the matter was dismissed under the five-year rule. See OCGA § 9-11-41 (e).

In the meantime, on September 10, 2003, plaintiffs brought this suit, alleging that Nettie Ward died intestate; that they are Nettie's heirs and have an undivided interest in the property; and that, therefore, they are entitled to an accounting with regard to the sale of timber from the property. Ward answered, claiming exclusive ownership of the property by adverse possession, and counter-claimed, seeking reimbursement for property taxes and other expenditures.

Each party moved for summary judgment. In support of his motion, Ward averred that he was under the impression that Nettie Ward's will had been probated; that no one ever questioned the validity of Nettie's will or disputed his ownership of the property; that he paid all of the taxes on the property and stickers for a mobile home which sits on the property; that plaintiffs never paid any of the taxes on the property and that they have not "been on the property or used it over the years." In addition, Ward submitted the affidavit of his brother, James Ward, who averred:

> I discussed the situation with the will of my mother with Sam Morgan [one of the plaintiffs] several years ago. . . . He stated to me that he checked on [Nettie Ward's will] and had determined that it had not been probated so that he was going to say nothing until five years were up and then file a suit to challenge Johnny Ward's ownership of the property at that time.

In support of their motion, plaintiffs submitted the affidavit of Sam Morgan. He averred that

> Ward has never taken any action to oust me or [the] other heirs at law from the property, nor has he exclusive[ly] possessed it. I and other family members have had access to go on the property for such purposes as hunting, and . . . Ward has never told me that I could not go on the property. . . . Ward has never made a claim to me that he was claiming a right to possession adverse to me. . . . There have been years . . . when Ward has asked the other heirs at law . . . to contribute toward the county property taxes. . . . Ward has never accounted to me [for] any income he has received from the property.

The superior court granted plaintiffs' motion for summary judgment and denied Ward's summary judgment motion. In so doing, it ruled that plaintiffs and Ward are tenants in common of the subject

property, and that plaintiffs are entitled to an accounting under OCGA § 44-6-121 (b).[1] Ward appeals.

1. Following the dismissal of his petition to probate Nettie Ward's will, Ward had six months within which he could have renewed the action. OCGA § 9-11-41 (b). However, he failed to do so. It follows that Nettie Ward's will has no validity whatsoever, see *Woo v. Markwalter*, 210 Ga. 156, 161 (78 SE2d 473) (1953) (will cannot transfer an interest unless it is probated), and that Nettie's heirs, plaintiffs and Ward, are co-tenants of the property in question. *Ponder v. Ponder*, 275 Ga. 616, 618 (571 SE2d 343) (2002).

2. Ward asserts questions of fact remain as to whether he established title by adverse possession. We disagree.

> A party who asserts a claim of title by adverse possession against a cotenant has the burden of proving not only the usual elements of prescription, see OCGA § 44-5-161, but also at least one of the elements of OCGA § 44-6-123, which provides as follows: "There may be no adverse possession against a cotenant until the adverse possessor effects an actual ouster, retains exclusive possession after demand, or gives his cotenant express notice of adverse possession."

(Footnote omitted.) *Wright v. Wright*, 270 Ga. 530, 532 (512 SE2d 618) (1999).

Through the affidavit of Sam Morgan, plaintiffs demonstrated that Ward did not meet the requirements of OCGA § 44-6-123. Morgan averred that Ward took no action to oust his co-tenants, to demand and retain exclusive possession, or to give actual notice of adverse possession. The burden then shifted to Ward to point to facts giving rise to a conflict on this issue. See OCGA § 9-11-56 (e); *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). But in his affidavit, Ward only showed that he paid the taxes on the property, that plaintiffs did not use the property, and that plaintiffs never questioned his right to be on the property. These averments do not suffice to establish an ouster or to satisfy an "express notice" or a "hostile claim" criterion. See *Wright v. Wright*, supra (exclusive possession, payment of taxes and making of improvements do not

---

[1] This subsection reads:
A tenant in common shall be liable to account to his cotenant if he:
(1) Receives any rent or other profit from the joint property;
(2) Commits any waste;
(3) Deprives his cotenant of the use of his fair proportion of the joint property;
(4) Appropriates the joint property to his exclusive use; or
(5) Uses the joint property in a manner which must necessarily be exclusive.

demonstrate ouster). As this Court observed in *Hardin v. Council*, 200 Ga. 822 (38 SE2d 549) (1946):

> The entry and possession of one joint tenant or tenant in common being, prima facie, in support of his cotenant's title, to constitute an adverse possession there must be some notorious and unequivocal act indicating an intention to hold adversely, or an actual disseisin or ouster. The silent and peaceable possession of one tenant, with *no* act which can amount to an ouster of his cotenants, is not adverse; so either actual notice of the adverse claim must be brought home to the latter, or there must have been unequivocal acts, open and public, making the possession so visible, hostile, exclusive, and notorious that notice may fairly be presumed, and the statute of limitations will begin to run only from the time of such notice. Exclusive possession, therefore, by a cotenant alone will be presumed not an adverse holding, but simply one in support of the common title.

(Citation and punctuation omitted.) Id. at 831-832.

Ward did not present evidence sufficient to create a genuine issue for determination by a jury. The superior court did not err, therefore, in granting plaintiffs' motion for summary judgment.

3. Contrary to Ward's contention, the affidavit of James Ward does not create an issue of fact as to whether plaintiffs should be estopped from challenging Ward's adverse possession claim. In essence, estoppel requires an act on the part of one intended to influence the other, and detrimental reliance upon that act by the other. *Bennett v. Davis*, 201 Ga. 58, 63 (39 SE2d 3) (1946). The affidavit of James Ward shows neither an act on the part of plaintiffs, nor detrimental reliance on an act by Ward. Besides, Ward had equal means to obtain the truth about the status of his probate case and the consequences of letting it languish. See *id.*; OCGA § 24-4-25 (b) (no estoppel where both parties have equal knowledge or equal means to obtain truth).

4. Finally, Ward asserts the superior court erred in awarding summary judgment to plaintiffs because factual issues remain concerning his counterclaim for a setoff for property taxes and expenditures. This assertion misconstrues the superior court's judgment, which reserved a ruling upon the accounting claim.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 25, 2006 —
RECONSIDERATION DENIED MAY 19, 2006.

*Gardner & Gardner, Milton F. Gardner, Jr.*, for appellant.
*Shane M. Geeter*, for appellees.