## HOLLYWOOD CEMETERY CORPORATION *v.* HUDSON.

1. The description of property excepted in a deed is sufficiently certain when it shows the intention of the grantor as to what property is excepted from the operation of the conveyance, and makes its identification practicable.

2. "It is essential to the maintenance of an action of ejectment that the premises [sought to be recovered] be described with such certainty as that, in the event of a recovery by the plaintiff, a writ of possession issued upon the judgment and describing the premises as laid in the decla-

ration shall so identify the premises sued for as that the sheriff, in the execution of the writ, can deliver the possession in accordance with its mandate."

(a) The description of the property sued for in this case, tested by the criterion above announced, was insufficient.

Argued November 13, 1908.—Decided September 25, 1909.

Complaint for land. Before Judge Pendleton. Fulton superior court. April 27, 1908.

The original petition alleged the plaintiff to be the owner of a tract of land "adjoining the Hollywood Cemetery property and lying between said Cemetery property and Proctor's creek, containing thirteen acres, more or less, being in land lot 250 in the 17th district of said [Fulton] county, and being the thirteen acres owned and excepted in the deed made by J. C. Mayfield and T. J. Eady to the Hollywood Cemetery Company." By amendment to the petition the land conveyed by Mayfield and Eady to the Hollywood Cemetery Company, being 80 acres, more or less, of the lot 250, was specifically described by metes and bounds and as set out in said deed, and it was alleged that this deed contained the following exception: "except thirteen acres, more or less, lying along and contiguous to Proctor's creek, which thirteen acres, more or less, better described as the sand beds, are expressly reserved by the said parties of the first part, and are not included in this conveyance." Another amendment to the petition alleged that "The said sand bottoms are bounded as follows: North by Proctor's creek; East by the Georgia Railway and Electric Company's right-of-way; South by the foot of a high hill known as Snake Nation Hill, belonging to the Hollywood Cemetery Corporation, along the foot of which runs a driveway belonging to said corporation, and West by Payne's line, which Payne's line bounds said sand bottoms up to Proctor's Creek." The original petition contained the following allegations: "(3) That the defendant, about January 1, 1903, unlawfully and wrongfully entered into possession of three acres of said land on the western side thereof and bounded by the south side of the Georgia Railway and Electric car line and the lines of said described land, and erected a small house thereon, and withholds said three acres from the plaintiff, and the annual rental value thereof is $100.00. (4) That defend-

ant, in addition to the occupation of the said three acres, has begun to cut roads and lay out driveways, cut down wood, dig up the land, cut up the crops which plaintiff has planted thereon, and has accomplished the same and is threatening to continue the same trespasses in defiance to the plaintiff, and with a large force of men, and will continue to do the same unless restrained by the court. (5) The plaintiff has a perfect legal title to the said land, as is shown by the annexed abstract, and that the damages done to the plaintiff's land by cutting up the crops, laying out driveways, digging up the land, cutting down the timber, and destroying the whole of said land for the plaintiff's use and purpose of agriculture, is irreparable and impossible of computation." The prayers were: "That the plaintiff have judgment [that he] is the owner and entitled to possession of said land, and that writ of possession issue turning out the defendant and putting plaintiff in possession, and of mesne profits;" for injunction restraining defendant from trespassing upon said land or in any way interfering with plaintiff's ownership and right of possession of the same, and for process.

When the case came on for trial in the superior court the defendant moved to dismiss the petition as it was then amended, on several grounds, among them, . "(a) That the same set forth no cause of action, because: (b) That the petition as so amended did not set forth any facts which would authorize a recovery against the defendant; . . (d) That in the deed from Eady and Mayfield to the Hollywood Cemetery Company, dated June 7th, 1894, that portion of said deed which reads as follows: 'except 13 acres, more or less, lying along and contiguous to Proctor's Creek, which 13 acres, more or less, better described as the sand beds, are expressly reserved by the said parties of the first part, and are not included in this conveyance,' was void and of no effect by reason of the fact that said alleged exception of 13 acres, more or less, from said deed was insufficiently described; the said attempted reservation being fatally vague and indefinite in law." The motion was overruled. The trial resulted in a verdict in behalf of the plaintiff for "the premises in dispute and two hundred and fifty dollars rent." The defendant's motion for a new trial having been overruled, it excepted, assigning error upon each of the rulings just stated.

18

*John L. Hopkins & Sons,* for plaintiff in error.

*C. L. Pettigrew* and *L. Z. Rosser,* contra.

FISH, C. J.    (After stating the facts).

1.    There was no merit in the point that the exception in the deed from Eady and Mayfield to the Hollywood Cemetery Company was void because of a vague and indefinite description of the thirteen acres, more or less, embraced in the exception.    It is clear from the language of the deed that the grantors did not intend to convey the land referred to in the exception.    The tract, of which the thirteen acres, more or less, was apart, was accurately described by metes and bounds, and in the exception the 13 acres, more or less, was described as "lying along and contiguous to Proctor's creek, which 13 acres, more or less, better described as the sand beds, are expressly reserved," etc.    "The description of the property conveyed in a deed is sufficiently certain when it shows the intention of the grantor as to what property is conveyed, and makes its identification practicable."    *Andrews* v. *Murphy,* 12 *Ga.* 431.    When this appears, the exact location and boundaries of the land may be shown by extrinsic evidence.    *Crawford* v. *Verner,* 122 *Ga.* 814 (50 S. E. 958).    It has often been held that a particular name by which a given piece of realty is generally known will suffice to render its identification practicable.    *Oatis.* v. *Brown,* 59 *Ga.* 711; *McAfee* v. *Arline,* 83 *Ga.* 645 (10 S. E. 441) ; *Johnson* v. *McKay,* 119 *Ga.* 196 (45 S. E. 992, 100 Am. St. R. 166) ; *Wellmaker* v. *Wheatley,* 123 *Ga.* 201 (51 S. E. 436).    To hold the exception under consideration in the present case to be valid, it is not necessary to go far as the ruling made in *Sears* v. *Bagwell,* 69 *Ga.* 429.    The 13 acres, more or less, being a part of a well-defined tract and being described in the exception, as "lying along and contiguous to Proctor's creek," and designated as the "sand beds," we think it manifest that such description was sufficient to render the identification of the land excepted practicable by extrinsic evidence, and that the exception was therefore valid.

2.    It is apparent from the allegations of the petition that the action was for the recovery of the three acres of land referred to in paragraph 3 thereof, for damages for trespasses committed thereon, for mesne profits thereof, and for injunction against further trespasses upon such three acres.    It is true that there is in the second paragraph an allegation, "That the plaintiff is the owner of and

entitled to immediate possession of the following described land," followed by a description of thirteen acres, but in the third paragraph it is alleged, "That the defendant, about January 1, 1903, unlawfully and wrongfully .entered into possession of three acres of said land, [that is, three acres of the thirteen acres of said land, in the preceding paragraph] on the western side thereof, and bounded by the south side of the Georgia Railway and Electric car line and the lines of said described land [the thirteen-acre tract], and erected a small house thereon, and withholds said three acres from the plaintiff, and the annual rental value thereof is $100.00." In the 4th paragraph it is alleged "That defendant, in addition to the occupation of said three acres, has begun to cut roads and lay out driveways, cut down wood, dig up the land, cut up the crops which plaintiff has planted thereon, . . and is threatening to continue the same trespasses, . . and will continue to do the same unless restrained by the court." In paragraph 5 it is alleged that "The plaintiff has a perfect legal title to the said land, as is shown by the annexed abstract [the abstract relates to the 13-acre tract], and that the damages done to the plaintiff's land" by the trespasses set forth in the preceding paragraph, are "irreparable," etc. The fifth paragraph concludes with several prayers, one of which is for judgment, "that the plaintiff is the owner and entitled to possession of said land, and that writ of possession issue turning out the defendant and putting plaintiff in possession, and of mesne profits," and another is that defendant be restrained from trespassing "upon said land" until the final hearing of the cause. There is no allegation that the defendant was in possession of any part of the thirteen-acre tract, except the three acres referred to in the third paragraph, or that the defendant had trespassed or threatened to trespass upon any other portion of such tract. The question then is, should the motion of the defendant, in the nature of a general demurrer to the petition, to the effect that the description of the land sought to be recovered was not sufficient to authorize a recovery, have been sustained? We are clearly of the opinion that it should. "It is essential to the maintenance of an action of ejectment that the premises [sought to be recovered] be described with such certainty as that, in the event of a recovery by the plaintiff, a writ of possession issued upon the judgment and describing the premises as laid in the declaration

shall so identify the premises sued for as that the sheriff, in the execution of the writ, can deliver the possession in accordance with its mandate." *Clark v. Knowles,* 129 *Ga.* 291 (58 S. E. 841), and cases cited. If the description of the three acres sought to be recovered in the present case was not in compliance with the above-stated rule, the mere fact that the thirteen-acre tract which embraced the three acres was definitely described would not authorize a recovery. *Harwell* v. *Foster,* 97 *Ga.* 264 (22 S. E. 994).

The "sand bottoms," which constituted the thirteen-acre tract, were specifically described in an amendment to the petition as being bounded, "North by Proctor's Creek; East by the Georgia Railway and Electric Company's right-of-way; South by the foot of a high hill known as Snake Nation Hill, belonging to the Hollywood Cemetery Corporation, along the foot of which runs a driveway belonging to said corporation; and West by Payne's line, which Payne's line bounds said sand bottoms up to Proctor's Creek." The land sought to be recovered, which was embraced in the thirteen acres denominated as the "sand bottoms" above referred to, was described in paragraph 3 of the petition, as "three acres of said land on the western side thereof, and bounded by the south side of the Georgia Railway and Electric car line and the lines of said described land." As the larger tract was bounded "North by Proctor's Creek; East by the Georgia Railway and Electric Company's right-of-way;  .  .  and West by Payne's line," it is manifest that there could not be included therein "three acres  .  .  on the western side thereof, and bounded by the south side of the Georgia Railway and Electric car line and the lines of said described land."

A verdict and judgment for the plaintiff for "the premises in dispute," or the land sued for, could not, in view of the description in the petition of the land sought to be recovered, be enforced by the sheriff, by delivering possession in accordance with the mandate of a writ for that purpose. The judgment of the court, overruling the motion to dismiss the petition on the ground of the insufficiency of the description of the land sued for, is therefore

*Reversed.   All the Justices concur.*