## SWEAT *v.* MULLIS.

An exception in a deed wherein the property conveyed is described as being "all that tract or parcel of land situated, lying, and being in the fourth district of said county of Pierce and known and distinguished in the plan of said district as lot of land number forty-five, being all of said lot of land except forty acres, more or less, on the northeast side of a certain branch known as Boggy Branch in the northeast corner of said lot; said tract or parcel of land containing four hundred and fifty acres, more or less," is not void on its face for uncertainty; and where it is shown that Boggy Branch extends through the northeast corner of the land lot, the exception includes all the land northeast of such branch.

JULY 11, 1916.

Complaint for land. Before James R. Thomas, judge pro hac vice. Pierce superior court. August 28, 1915.

*Parker & Walker,* for plaintiff.

*Memory & Memory,* for defendant.

EVANS, P. J. An action of complaint for land was brought by T. N. Sweat against F. M. Mullis. The muniment of title upon which the plaintiff bases his right to recover is a deed dated August 24, 1886, from Nancy Ahl to himself, conveying "all that tract or parcel of land situated, lying, and being in the fourth district of said county of Pierce and known and distinguished in the plan of said district as lot of land number forty-five, being all of said lot of land except forty acres, more or less, on the northeast side of a certain branch known as Boggy Branch in the northeast corner of said lot; said tract or parcel of land containing four hundred and fifty acres, more or less." The land in dispute is described as sixty acres, more or less, included within land lot number 45 on the northeast side of Boggy Branch. The plaintiff testified that he had never been in actual possession of any land northeast of Boggy Branch, but that he moved on the other side of the branch shortly after his purchase, and he and those claiming under him had been in actual possession of that portion of the lot since the

date of his deed.   It is his contention that only forty acres of land were excepted in the deed from land lot 45, and that such other land as is located within the land lot northeast of Boggy Branch comes within the operation of his deed.   The defendant, on the other hand, contends that the deed upon which the plaintiff relies to show title in himself does not cover any land northeast of Boggy Branch.   The defendant prevailed, and the court refused to grant a new trial.

It is unnecessary to enter into a discussion of other points made in the record, as the whole case turns upon a construction of the plaintiff's deed as embracing or excluding the locus in quo from the description of the property.   In the construction of all deeds regard must be had to the intention of the parties as expressed in the writing.   A construction should not be given to a deed which would defeat the grantor's intention to except a certain quantity of land, unless the exception is so deficient in description that the land can not be located.   The deed reflects a purpose of the grantor to except from its operation a certain area of land in land lot 45. If only forty acres were intended to be excepted, the words "more or less" would not have been employed.   The use of those words clearly indicates that the parties to the instrument were uncertain as to the exact acreage.   The deed contains two guides for the identification of the land embraced within the exception, namely, it is located in the northeast corner of the land lot and on the northeast side of Boggy Branch.   The delineation of Boggy Branch as a boundary line can not be ignored in the interpretation of the deed.   If it were eliminated, and also the words "more or less" had not been used, then the exception would have been to forty acres in the northeast corner of the land lot, and the exception would have been good, as it would have included forty acres laid off in the form of a square.   *Payton* v. *McPhaul*, 128 *Ga.* 510 (58 S. E. 50, 11 Ann. Cas. 163).   If we give effect to Boggy Branch as a boundary, and to the words "more or less" as meaning that the land excepted was not limited to forty acres, we think it clear that the grantor's intention was to except from the operation of his conveyance all the land northeast of Boggy Branch. The deed is not invalid on its face for uncertainty in description of the exception; and where the evidence discloses that Boggy Branch extends across the northeast corner of the lot, the excep-

tion will include all the land within the land lot which lies northeast of the branch.

*Judgment affirmed on the main bill of exceptions. Cross-bill of exceptions dismissed. All the Justices concur.*