## FIELD v. HARGIS.

No. 7079. JANUARY 14, 1930.

*A. H. Henderson,* for plaintiff.    *H. G. Vandiviere,* for defendant.

RUSSELL, C. J.    E. E. Field filed a petition asking the court to enjoin W. J. Hargis, doing business as W. J. Hargis Lumber Company, from cutting or removing timber on land lot number 34 in the 21st district and 2nd section of Cherokee County; and the only question in this case is whether the court erred in refusing to issue an injunction in the premises.

From the record it appears that the plaintiff is a large landowner in Cherokee County, and that in the past few years he has made three sales of timber to the defendant.    At the interlocutory hearing the plaintiff testified in his own behalf that the timber on lot number 34 was never intended to be sold in any of these transactions.    He introduced a map from which it appears that lot number 34 does not adjoin any of his other lands, and he contended that the lands he intended to convey were parts of the farm known as the Field farm, and that lot number 34 had never been a part of the Field farm, and in fact had never been cleared.    The description of the timber land conveyed by the last timber lease of the plaintiff to the defendant is as follows: "All pine and poplar

saw-timber situated on the following land: about 400 acres on the west side of the Etowah River, and being all timber not previously sold to the W. J. Hargis Lumber Company, on my farm of about 1250 acres in Cherokee County, Georgia, except trees in yard and barn lot; bounded on the north by Georgia Power Company, east by Georgia Power Company and L. L. Abercrombie; south by Coggins & Brown, Georgia Power Company; west by Coggins and Power Company, in Cherokee County, Georgia." The defendant did not introduce any oral testimony, but submitted a deed from the plaintiff to J. W. Hargis, which embraced lot number 34, as well as other specified lots, and contained the following stipulation: "This conveyance does not convey the timber on said tract, said timber having been sold previous to the W. J. Hargis Lbr. Co. of Cleveland, Tenn." He also introduced a later reconveyance from J. W. Hargis to E. E. Field, which likewise included lot number 34, and contained this recital: "This conveyance does not convey the timber on said tract, said timber having been sold previous to the W. J. Hargis Lumber Co., of Cleveland, Tenn., as evidenced by three contracts, conveying all pine and poplar timber, the first being for a consideration of $10,000.00, signed by E. Earl Field and Wm. Galt, gdn., the second, dated October 26, 1926, for consideration of $12,500.00, signed by E. Earl Field, and third dated Oct. 14, 1927, for consideration of $5000.00, signed by E. Earl Field, all three being signed by W. J. Hargis Lumber Co., of Cleveland, Tenn., this being all the timber on said farm, except reservations in said contracts." It thus appears that when Hargis sold to Field lot number 34 in the 21st district and 2d section of Cherokee County he reserved the timber upon that specified lot. No matter what may have been the stipulations of prior contracts, the deed of Hargis of May 28, 1928, was subsequent and superior to any of them. In accepting the deed from Hargis in which the timber was reserved on all the lots conveyed, and of which lot number 34 is the first one stated, he became bound by the recitals of the deed. Civil Code (1910), § 4180. The plaintiff was likewise bound by the recitals of his deed to Hargis, dated December 7, 1927. The petition contains no allegation of fraud; and in view of the documentary evidence and the pleadings, the trial judge did not err in refusing an injunction.

*Judgment affirmed. All the Justices concur.*