20693, 20694, 20695.  CLAY *v.* SMITH (three cases).

ARGUED NOVEMBER 10, 1959—DECIDED JANUARY 8, 1960—
REHEARING DENIED FEBRUARY 11, 1960.

*Elliott & Davis, Joseph H. Davis, E. E. Moore, Jr.,* for plaintiff in error.

*Joe W. Rowland, John B. Harris, Jr.,* contra.

HEAD, Justice. 1. The assignment of error on the overruling of the defendant's demurrers to the petition of Smith in the suit on the promissory note has been specifically abandoned.

In so far as the defendant's amendment to his answer, dated March 8, 1951, sought to enjoin the foreclosure of the deed to secure debt, it came too late, since the deed had been foreclosed prior to the filing of the amendment. It is axiomatic that a court of equity will not grant an injunction to restrain a single act which has been fully completed prior to the restraint sought. Whether or not the deed to secure debt given by Clay to Smith was a valid conveyance and was properly foreclosed were questions in issue in the defendant's former petition for injunction. The trial judge having dismissed this equitable petition for injunction and other relief on general demurrer, and this judgment having been affirmed by this court (*Clay* v. *Smith,* 207 *Ga.* 610, 63 S. E. 2d 602), the defendant's amendment was wholly insufficient to avoid the former judgment adverse to him. This

court's ruling in the former case, that Clay should file all defenses in the pending suit, was not a ruling that he could thereafter by amendment have issues reopened which had been adjudicated adversely to his contentions, or have the former judgment nullified.

Generally, the defenses authorized by law in a dispossessory-warrant proceeding by counter-affidavit and bond are sufficient to afford adequate defense to the defendant. A prayer for injunction by amendment in a separate cause pending between the parties, where the allegations of the amendment are insufficient to show any cause for equitable relief by injunction, can not properly be maintained.

In so far as the amendment sought an accounting, this relief was granted by the trial court on the pleadings as subsequently amended, and no reversible error is shown because the amendment which was stricken contained a prayer for an accounting.

The judgment of the trial judge in case No. 20693 is not without evidence to support it, and the motion for new trial on the general grounds was properly denied.

2. The validity of the judgments in the dispossessory-warrant proceeding (No. 20694), and in the ejectment action (No. 20695), rests primarily upon the validity of the description of the property conveyed in the deed to secure debt which had been foreclosed. It is not contended by counsel for Clay that the description in the deed to secure debt from Clay to Smith was insufficient to describe the property conveyed; and such contention, if made, would be wholly without merit, since the description fully meets the requirements of the law. Nor is it contended that certain property excepted from the conveyance by reference to recorded deeds invalidates the deed. It is strongly urged, however, that an exception of "Those portions now in process of being sold by the said Zettler C. Clay to Charles Bundridge, Frank Ballard, George Ingram, and Ada Patterson," renders the description of the property conveyed so vague, indefinite, and uncertain (since there is no description of the property in process of being conveyed to the named persons) as to make it impossible for a valid writ of possession to issue.

The terms "exception" and "reservation" are often used in

deeds indiscriminately, and the distinction of the common law between "reservation" and "exception" where the intention is the controlling consideration, is not material. *Grant* v. *Haymes,* 164 *Ga.* 371 (138 S. E. 892). A description of property excepted or reserved in a deed is sufficiently certain when the description is adequate to show what property is excepted or reserved from the operation of the deed. *Hollywood Cemetery Corp.* v. *Hudson,* 133 *Ga.* 271 (65 S. E. 777); *Field* v. *Hargis,* 169 *Ga.* 670 (151 S. E. 379). Where the description of the property excepted or reserved is so deficient that it can not be located, the exception or reservation falls. *Hollywood Cemetery Corp.* v. *Hudson,* supra; *Sweat* v. *Mullis,* 145 *Ga.* 450 (89 S. E. 422); *Grant* v. *Haymes,* supra; *Carter* v. *Carter,* 207 *Ga.* 460 (62 S. E. 2d 171). Since there was no description of the property in the process of being sold to named individuals, the exception was void, and being void, it could not make uncertain a description which was otherwise valid and complete.

The evidence discloses, however, that Smith had actual notice as to the property in the process of being conveyed, and Smith does not contend that he would not be bound by such notice. The subsequent acquiescence by Smith, by not claiming in the dispossessory-warrant proceedings certain lots purportedly excluded in the deed to secure debt, does not render invalid the description of the property in such proceedings.

The record does not support the contention that the deed to secure debt was involved in a partnership proceeding. The deed to secure debt was dated prior to the partnership agreement, and the execution of the deed to secure debt was not by its terms contingent upon a subsequent agreement that might be entered into between the parties.

The evidence supported the findings of the trial judge, and the judgment denying the motion for new trial, on the general grounds only, in each case, was not error.

*Judgments affirmed in all three cases. All the Justices concur.*