## 25493. RICHARDSON v. GEORGIA KRAFT COMPANY.

UNDERCOFLER, Justice. In this action the plaintiff seeks to temporarily and permanently enjoin the defendant from trespassing on 35.7 acres of land in the southeast portion of Land Lot Number 129 and 33.3 acres in the southwest portion of Land Lot Number 128 in the 33rd District of Stewart County, Georgia, to which she claims prescriptive title. The only question presented in this appeal is whether the deeds under which she claims constitute color of title.

The description in her deed is as follows: "all that tract or parcel of land lying and being in the 33rd Land District of Stewart County, Georgia, and being in lots One Hundred Twenty-Nine and One Hundred Sixty, and being known as the Lou Tatum Home Place and being the same property conveyed by T. T. James, as Executor of the will of Mrs. Lou Tatum, to Merrell Brown and by Merrell Brown to the First Party herein, by deed recorded in the Clerk's Office of Stewart Superior Court in Deed Book 9, page 515, to which deeds reference is made for the purpose of a fuller description."

The parties stipulated that the defendant has an unbroken chain of title to the land in dispute beginning with a deed from T. T. James as executor of the will of Mrs. Lou Tatum.

The trial court granted the defendant's motion for summary judgment finding that the "Plaintiff has not shown color of title to the lands in dispute, which lands are more fully specified in the original petition; thus neither constructive possession nor actual possession under color of title are issues triable before a jury." The appeal is from this judgment. *Held:*

1. The plaintiff contends that the deeds of her predecessors in title beginning with the common grantor, T. T. James as executor of the will of Mrs. Lou Tatum to Merrell Brown, which describes the land in dispute as being located in Land Lot Numbers 129 and 160 in the 33rd District of Stewart County and being the homeplace of Lou Tatum are sufficient to constitute color of title to the property located in Land Lot Number 128 since the Lou Tatum homeplace extended into this lot. We cannot agree. This court in *Reeves v. Whittle,* 170 Ga. 408 (5) (153 SE 53, 72 ALR 405) held that a deed conveying "a tract of land which is made up of parts of land lots Nos. 194 and 195 in the 16th land district of Upson

County, and known as the Spivey place; and giving effect to every particular of this description, this deed does not convey parts of land lots Nos. 200 and 201 in the above land district." This case is controlling here. It follows that the deeds relied upon by the plaintiff do not constitute color of title to Land Lot Number 128.

2. The plaintiff contends that the deed from T. T. James as executor of the will of Lou A. Tatum conveying to Merrell Brown, her predecessor in title, 200 acres of land in lots 129 and 160 in the 33rd District of Stewart County, Georgia, known as the Lou Tatum homeplace is a sufficient description and that such deed constitutes color of title for the southeast portion of Land Lot Number 129, here in dispute. This contention is without merit. The deed contains a specific exception of "35.7 acres of uniform width cut off from the east side of the south half of lot 160, said 35.7 acres being sold at Executor's Sale to G. W. Tatum." Although the exception refers to 35.7 acres on the east side of the south half of lot 160 (instead of lot 129), this exception furnishes a key by which the land excepted can be ascertained. The deed of the executor to G. W. Tatum specifically conveys the disputed land in lot number 129. A deed may refer to another deed or to a map for a description of the land conveyed. The deed or map to which reference is thus made is considered as incorporated in the deed itself. *Deaton v. Swanson,* 196 Ga. 833 (1) (28 SE2d 126). This same rule applies to exceptions in a deed. "The description of property excepted in a deed is sufficiently certain when it shows the intention of the grantor as to what property is excepted from the operation of the conveyance, and makes its identification practicable." *Hollywood Cemetery Corp. v. Hudson,* 133 Ga. 271 (1) (65 SE 777); *Field v. Hargis,* 169 Ga. 670 (151 SE 379). The deed from the common grantor, T. T. James, as executor of the will of Lou A. Tatum, specifically excepted the land sold to G. W. Tatum. Therefore, the deeds relied upon by the plaintiff describing the land as the same land conveyed by the executor to Merrell Brown cannot constitute color of title for the property located in Land Lot Number 129.

*Judgment affirmed. All the Justices concur.*

Argued October 15, 1969—Decided November 12, 1969.

*Carlton S. Brown,* for appellant.

*Mallory Atkinson, Jr., Joseph M. Rogers, Anderson, Walker & Reichert,* for appellee.