## 28402. NOLAN v. COOK.

GUNTER, Justice. This appeal involves a land-title dispute between the appellant and the appellee as administrator of the estates of W. R. Cook and Texie Cook. The trial court granted a motion for summary judgment in favor of the administrator. We affirm that

judgment.

In 1946 the appellant and Ralph Cook acquired title by warranty deed to a tract of land in Polk County. Each of them thus owned an undivided one-half interest in the tract. In 1951 the appellant conveyed the tract of land, though she only owned an undivided one-half interest therein, to Ralph Cook by warranty deed. Following the description of the tract of land in appellant's deed to Ralph Cook is the following language: " . . . And is conveyed together with all improvements thereon. Easement for Georgia Natural Gas Company excepted. Except original home house and two acres of land on land lot 724 of which is a gift to W. R. and Texie Cook for their natural life."

Later in 1951 Ralph Cook conveyed the tract to W. R. Cook by warranty deed, and following the description in this deed is the following language: " . . . And is conveyed together with all improvements thereon. Easement for Georgia Natural Gas Company excepted. This is the same property as that conveyed by warranty deed from Cleo C. Nolen to Ralph E. Cook, dated May 12, 1951, and recorded in Deed Records of Polk County, Georgia, Book 86, Page 32."

W. R. Cook died in 1957, and his widow, Texie Cook, died in 1958. The appellee is the administrator of both of their estates; the administrator claims the right and title to the entire tract; and the basis for his claim is that the exception contained in the deed from appellant to Ralph Cook is so vague with respect to description that it did not constitute an exception at all.

The appellant contends that by virtue of the exception contained in her deed to Ralph Cook she owns by reversion, W. R. Cook and Texie Cook both being dead, a one-half undivided interest in the "original home house and two acres of land on land lot 724."

We conclude, as did the trial judge, that the warranty deed from the appellant to Ralph Cook in 1951 conveyed the entire tract to Ralph Cook, and the latter's deed to W. R. Cook subsequent thereto conveyed the entire tract to W. R. Cook.

The attempted exception, "original home house and two acres of land," in the appellant's deed to Ralph Cook was ineffectual because of an inadequate description.

There is nothing in this record to indicate that the appellant ever conveyed the "original home house and two acres of land on land lot 724" to W. R. Cook and Texie Cook for and during their natural lives. The deed from the appellant to Ralph Cook certainly did not and could not have conveyed any interest in

land to W. R. Cook and Texie Cook. There apparently was no conveyance to W. R. Cook and Texie Cook vesting a life estate in them to any part of the subject land. Therefore, the attempted exception contained in the deed from the appellant to Ralph Cook was ineffectual for the lack of a valid legal description.

*Judgment affirmed. All the Justices concur.*

ARGUED NOVEMBER 13, 1973 — DECIDED FEBRUARY 18, 1974.

*Pierce, Ranitz, Berry, Mahoney & Forbes, Morton G. Forbes,* for appellant.

*Parker & O'Callaghan, James I. Parker,* for appellee.