## S93A1708. DURDEN v. REYNOLDS et al.
## S94A0056. DURDEN v. DeKALB COUNTY.

(440 SE2d 170)

SEARS-COLLINS, Justice.

These appeals involve the proceeds of DeKalb County's condemnation of seven acres of property on which it constructed a garbage facility. At dispute in Case No. S93A1708 is the pre-condemnation ownership of the condemned property. We find that the trial court erred in refusing to grant partial summary judgment to the appellant, Lizzie Durden, on that issue. At dispute in Case No. S94A0056 is whether the amount of the condemnation award should include the value of improvements to the property made by DeKalb County ("the County") before initiating condemnation proceedings. We find that the trial court properly granted partial summary judgment to the County on that issue.

1. In 1945, B. F. Anderson conveyed by deed 113 acres of land to Durden's parents, Jim and Mary Freeman, excepting a 30-acre tract of land from the transfer. In 1975, DeKalb County levied upon 30 acres of property within the 113-acre tract to collect delinquent taxes for 1973 and 1974. The County notified George Anderson, a nephew of B. F. Anderson, of the levy, believing him to be the owner of the 30 acres because he had previously paid taxes on the property. In 1976, the County sold and purchased the 30 acres for $780, the amount of delinquent taxes. In 1983, the DeKalb County Tax Commissioner filed an affidavit stating that seven years had passed since the date of the execution, that the property had not been redeemed, and that title to the property had ripened by prescription in the County.

Mary Freeman became aware of the County's claim to the property when she was asked to sign a quitclaim deed by a party seeking to purchase the property from the County, and she filed a wrongful possession action in federal court in 1985. Mary Freeman died while that suit was pending, and the suit was dismissed by Durden, as administrator of Mary Freeman's estate. In January 1987 Durden, on behalf of Mary Freeman's estate, filed an ejectment action against the County in superior court. In September 1987, while the ejectment action was pending, the County began construction of a garbage facility on about 6.5 acres of the property levied upon. The County completed construction of the garbage facility in November 1989, and in January 1990 the trial court in the ejectment action found that, as the property was appraised at $1,000 per acre at the time of the levy, the County's levying on the entire 30 acres to satisfy a $780 delinquency constituted an excessive levy, and ordered that Durden recover possession of the 30 acres and that a writ of possession issue in favor of Durden as against the County. This court affirmed the trial court's decision without opinion in October 1990, *DeKalb County v. Durden*,

Case No. S90A0824.

In February 1991 the County filed a complaint for the condemnation of the seven acres upon which the garbage facility was situated. Because the heirs of B. F. Anderson (Reynolds et al., hereinafter "Reynolds") also claimed title to the property subject to condemnation by virtue of the exception in the 1945 warranty deed from B. F. Anderson to the Freemans, the County named both Durden and Reynolds as defendants in the condemnation action and asked the court to determine the ownership interests of these persons in the property and mold the final award accordingly.

The trial court appointed a special master, OCGA § 22-2-101 et seq., who, after conducting an evidentiary hearing, found that the estate of Mary Freeman had no ownership interest in the property being condemned, and awarded Reynolds $60,000 as the fair market value of the seven acres. The trial court entered judgment in accordance with the special master's award. Both Durden and Reynolds appealed to the superior court from the special master's award, OCGA § 22-2-112, and both Durden and the County filed motions for partial summary judgment.

### Case No. S93A1708

2. The trial court denied Durden's motion for partial summary judgment on the issue of whether the 1945 warranty deed from B. F. Anderson to the Freemans clearly conveyed the condemned property. We granted Durden's application for interlocutory appeal to consider "whether the deed is ambiguous so as to permit the admission of parol evidence, or whether the description of the portion to be excepted from the conveyance of the 62-acre tract is so vague that the exception from the conveyance fails."

The deed described the property conveyed to the Freemans, in relevant part, as follows:

> All that tract or parcel of land, lying and being in the sixteenth (16th) District of, originally Henry, now DeKalb County, Georgia, and being part of Lot of land number 156, the same being *fifty acres*, more or less, out of the northeast corner of said land Lot, . . .
> ALSO:
> All that tract or parcel of land lying and being in the 16th District of originally Henry, now DeKalb County, Georgia and containing sixty-three acres, more or less, bounded as follows:
> One acre, more or less in part of land lot 166 and *sixty two acres* more or less, in parts of land lots 156 and 165 . . . .

EXCEPT from the above *62 acre* tract[1] 30 acres more or less situated in the Northwest corner of said tract, which tract is 800 feet more or less from the center of a branch on the south side and being all of said tract on the northwest side of the Center line of the above named branch.

(Emphasis supplied.)

None of the parties disputes that the seven acres of property which the County now seeks to condemn lie within the 50-acre tract of land described above. However, Reynolds argues that because there is no "branch" within the 62-acre tract, there is no property to satisfy the deed's description of the property excepted, and parol evidence is, therefore, admissible to clarify the ambiguity created in the deed. Reynolds contends that parol evidence will show the jury that the intent of the deed was to except from the conveyance a 30-acre tract within the 50-acre tract, including the condemned seven acres, thus entitling Reynolds to the proceeds of condemnation.[2]

It is well established that where a property description in the written contract is ambiguous, in that it can be interpreted as referring to more than one piece of property, parol evidence is admissible to *explain* the ambiguity.

(Emphasis supplied.) *Tuggle v. Wilson*, 248 Ga. 335, 336 (282 SE2d 110) (1981). However, parol evidence may not "add to, enlarge, or in any way *change* the description" contained in the deed. (Emphasis supplied.) *Gainsville Midland R. Co. v. Tyner*, 204 Ga. 535, 536 (50 SE2d 108) (1948). Furthermore, "where subsequent words in a deed are of doubtful import, they cannot be construed so as to contradict the preceding words which are certain." 23 AmJur2d 230, 231, Deeds, § 227.

It is evident from the transcript of the hearing before the special master that the construction of the deed urged by Reynolds would require considerable resort to parol evidence. Under Reynolds' construction of the description of the exception to the conveyance, the actual 50-acre conveyance, which is sufficiently described in the deed, would become inoperative. Therefore, such construction would substantially "change," not just explain, the description in the deed of the 50-acre conveyance, see *Tyner*, supra, and would "contradict the preceding [description of the 50-acre conveyance] which [is] certain," 23 AmJur2d at 231, see also 2 Pindar & Pindar, Ga. Real Estate Law

---

[1] The dissent fails to account for this first portion of the description of the exception.

[2] We wish to note that this condemnation action initiated by the County does not incorporate a prayer for reformation of the deed.

& Procedure, § 19-153 (4th ed. 1993). Hence, we find that parol evidence is not admissible to explain the deed's description of the excepted property. See *Kennedy v. Kennedy*, 183 Ga. 432, 440 (188 SE 722) (1936) ("when a deed by its terms admittedly conveys certain property, a part of the property may not be excluded from the deed on parol evidence that such was not the intention of the maker").

Having concluded that parol evidence should not be allowed to explain the description of the exception to the conveyance, the question remains as to what effect should be given the exception.

The special master concluded and the parties do not dispute that

> [d]espite extensive testimony from three expert title examiners, familiar with DeKalb County property, there seems to be no way to precisely locate the . . . excluded 30-acre tract within the larger 113-acre tract described in the Warranty Deed.

Where a grantor has excepted a portion of the land conveyed in his own favor, as in this case, "[t]he reserved portion of the land must be definitely identified, and the effect of vagueness in this respect will be to leave the conveyance operative upon the entire tract." 2 Pindar & Pindar, Ga. Real Estate Law & Procedure, § 19-163 (4th ed. 1993).

> A description of property excepted or reserved in a deed is sufficiently certain when the description is adequate to show what property is excepted or reserved from the operation of the deed. [Cits.] Where the description of the property excepted or reserved is so deficient that it can not be located, the exception or reservation falls.

*Clay v. Smith*, 215 Ga. 668, 671 (112 SE2d 767) (1960); see also *Nolan v. Cook*, 231 Ga. 737 (204 SE2d 92) (1974).

As the description of the exception in this case is not sufficient to locate the property, and the admission of parol evidence to clarify the description would substantially change the definite description of the property conveyed, we find that the exception to the conveyance is void, "and being void, it could not make uncertain a description which was otherwise valid and complete." *Clay*, 215 Ga. at 671.

### Case No. S94A0056

3. Durden asserts that the trial court erred in granting the County's motion for partial summary judgment with respect to whether the amount of the condemnation award should include the value of the improvements. We find no error. The trial court concluded that

[t]he evidence is undisputed that Condemnor was aware of Mrs. Durden's competing claim [to the property]. However, construction of improvements on property by a condemnor with knowledge of a competing claim is not evidence of bad faith. [See OCGA § 44-11-9 (a).] In *Searl v. School District No. 2*, 133 U. S. 533 (1890), the Supreme Court of the United States held that where a trespasser which possessed the power of eminent domain erroneously believed that it held superior title to real property and erected improvements thereon, but was later forced to condemn the property, the value of the improvements would not be included in the compensation paid to the condemnees. . . . Any contrary ruling would require the condemnor to pay twice for the improvements which it constructed and would provide the condemnee a windfall. Condemnee Durden has offered no other evidence of bad faith on the part of the Condemnor, and there is no evidence whatsoever that Condemnor believed itself to be anything other than the rightful owner of the property until the decision in the ejectment action in January of 1990. Since notice of an outstanding or competing claim is not evidence of bad faith which would permit a condemnee to recover the value of improvements constructed by the condemnor and reap a windfall, Condemnor is entitled to judgment on its motion. [Cits.]

Had the County been a "naked trespasser" with no "shadow of right" to the property when it entered Durden's property and began construction, then it would be necessary for the County to pay Durden the value of the improvements in the subsequent condemnation. See *Searl*, 133 U. S. at 561-562. However, in this case DeKalb County's initial entry on the property was lawful, as it held a valid tax deed to the property at that time. Therefore, we find that the trial court correctly concluded that Durden is not entitled to the value of the improvements, even though the County knew of Durden's competing claim and its title was ultimately held to be invalid.

*Judgment affirmed in Case No. S94A0056. All the Justices concur. Hunstein, J., disqualified.*

*Judgment reversed in Case No. S93A1708. All the Justices concur, except Carley and Fletcher, JJ., who dissent. Hunstein, J., disqualified.*

CARLEY, Justice, concurring in part and dissenting in part.

I fully concur in the opinion as it relates to Case No. S94A0056. However, I must dissent to the judgment in Case No. S93A1708 because I believe that the trial court did not err in refusing to grant

partial summary judgment in favor of Durden.

Both the 50-acre tract and the 62-acre tract were conveyed to the same party in a *single* warranty deed in 1945. The "except" clause described

> 30 acres more or less situated in the Northwest corner of said tract, which tract is 800 feet more or less from the center of a branch on the south side and 1500 feet more or less from the center of said branch on the north side and being all of said tract on the northwest side of the center line of the above named branch.

This clause follows the description of *both* tracts and is not by its mere position in the deed a part of the description of the 62-acre tract. Thus, Reynolds' proposed parol evidence would not change the description of the two tracts at all. It would only clarify the description contained in the "except" clause. See *Richardson v. Ga. Kraft Co.*, 225 Ga. 743, 744 (2) (171 SE2d 312) (1969).

Where the exception furnishes a key by which the land excepted can be ascertained, and where that key indicates a tract or land lot different from that specified in the except clause, an ambiguity results. See *Richardson v. Ga. Kraft Co.*, supra. A branch is a natural landmark and "[n]atural landmarks, being less liable to change and not capable of counterfeiting, shall be the most conclusive evidence." OCGA § 44-4-5 (1). When the key is a branch, parol evidence is admissible as to its location. See *Swint v. Swint*, 147 Ga. 467 (94 SE 571) (1917); 2 Pindar & Pindar, Ga. Real Estate Law & Procedure, § 19-159 (4th ed. 1993). Parol evidence is admissible to explain any resulting ambiguity in the *"except"* clause, just as it would be admissible to explain an ambiguous description of property *conveyed* by a deed. The authorities cited by the majority do not hold otherwise.

> A construction should not be given to a deed which would defeat the grantor's intention to except a certain quantity of land, unless the exception is so deficient in description that the land can not be located. . . . The deed contains two guides for the identification of the land embraced within the exception, namely, it is located in the north[west] corner of [a tract] and on the north[west] side of [a] [b]ranch[, the approximate location of which is specifically described as 800 feet more or less from the south side of the tract and 1500 feet more or less from the north side of the tract]. The delineation of [the] [b]ranch as a boundary line can not be ignored in the interpretation of the deed.

*Sweat v. Mullis*, 145 Ga. 450, 451 (89 SE 422) (1916).

.The description of property excepted in a deed is sufficiently certain when it shows the intention of the grantor as to what property is excepted from the operation of the conveyance, and makes its identification practicable.

*Hollywood Cemetery Corp. v. Hudson,* 133 Ga. 271 (1) (65 SE 777) (1909). Although the exception contained in the deed involved in this case referred to the 62-acre tract rather than the 50-acre tract, the deed clearly excepted from the conveyance all of the described tract "on the northwest side of the center line of the above named branch." "[I] think it manifest that such description was sufficient to render the identification of the land excepted practicable by extrinsic evidence, and that the exception was therefore valid." *Hollywood Cemetery Corp. v. Hudson,* supra at 274. "[T]his exception furnishes a key by which the land excepted can be ascertained." *Richardson v. Ga. Kraft Co.,* supra at 744. Thus, because Durden did not show that, *as a matter of law,* there was no exception to the 1945 conveyance of the 50-acre tract, the trial court correctly denied Durden's motion for partial summary judgment.

I am authorized to state that Justice Fletcher joins in this opinion.

DECIDED FEBRUARY 28, 1994 —
RECONSIDERATION DENIED MARCH 18, 1994.

*King, Taylor & Stovall, James F. Stovall III, Gary C. Harris,* for appellant.

*Dwight L. Thomas, Robert H. Walling, Darel C. Mitchell,* for appellees.